TERNIA MAE MULLINS OLIVER, EMPLOYEE-PLAINTIFF v. LANE COMPANY, INCORPO-
RATED, EMPLOYER-DEFENDANT AND SELF INSURED (ALEXIS SERVICING AGENT),
CARRIER-DEFENDANT

No. COA00-353

(Filed 17 April 2001)

1. **Workers' Compensation— refusal of job offer after injury—justified**

The Industrial Commission did not err by finding that plaintiff was justified in refusing a job offered her by defendant after her carpal tunnel surgery where the Commission was presented with evidence that the job consisted of highly repetitive motions involving the hand and wrist which were not within the limitations imposed by plaintiff's physician and found no evidence that any modifications to the job were ever communicated to plaintiff or her physician.

### 2. Workers' Compensation— disability—failure of defendant to meet burden

The Industrial Commission did not err in a workers' compensation action by finding that plaintiff was entitled to ongoing total disability compensation where the Commission properly concluded that defendant failed to meet its burden of establishing that suitable jobs were available considering plaintiff's physical and vocational limitations, that plaintiff was capable of earning wages, or that plaintiff was no longer disabled.

Appeal by defendant Lane Company, Incorporated (Lane) from opinion and award filed 7 December 1999 by the North Carolina Industrial Commission. Heard in the Court of Appeals 26 January 2001.

*Randy D. Duncan for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P, by J.A. Gardner, III and Dana M. Mango, for defendant-appellant.*

WALKER, Judge.

Plaintiff filed a claim to recover benefits for injuries resulting from her employment with defendant Lane. The deputy commissioner denied the claim; however, the Commission awarded total disability benefits and remanded the matter to the deputy commissioner for a "determination of the date of maximum medical improvement and the permanent partial disability, if any, . . ." suffered by plaintiff. Lane appealed to this Court but the appeal was dismissed as interlocutory pending the remand to the deputy commissioner. *Oliver v. Lane Co., Inc.*, 123 N.C. App. 354, 473 S.E.2d 693 (1996).

On remand, the deputy commissioner found plaintiff reached maximum medical improvement on 8 March 1994 and was left with permanent partial disabilities of ten and fifteen percent in her right and left hands respectively. On 7 December 1999, the Commission again reversed the deputy commissioner and ordered that plaintiff receive "ongoing total disability" until she returned to work or until further order of the Commission.

The findings of the Commission, in pertinent part, are summarized as follows: Lane is a furniture manufacturer and employed plaintiff as a jitterbug sander, a job which involved the continuous use of a vibrating, handheld sander. After suffering pain and numb-

OLIVER v. LANE CO.

[143 N.C. App. 167 (2001)]

ness in her hands, plaintiff was diagnosed with bilateral carpal tunnel syndrome by Dr. Mark Marchese, a neurosurgeon in Hickory. Plaintiff underwent carpal tunnel release surgery on each hand in the Fall of 1993 and was released to return to light duty work on 29 November 1993. Plaintiff was restricted from performing repetitive motion work or lifting more than ten pounds for a period of three months.

Also, on 29 November 1993, Lane sent plaintiff a description of the wipe glaze job which was to be her position upon her return to work. The wipe glaze job entailed extensive use of the hands and wrists including polishing rough spots on furniture with steel wool, applying glaze, rubbing filler or stain over the furniture using a brush, cloth or power rubbing tool and rubbing the furniture to remove excess filler, stain, glaze or washcoat. When plaintiff returned to work, she refused to perform the wipe glaze job. The wipe glaze job offered to plaintiff by Lane was not suitable in that it was not within the physical restrictions established by Dr. Marchese. The wipe glaze job required repetitive hand and wrist use, which directly contradicted Dr. Marchese's recommendation. Plaintiff was unable to perform the wipe glaze job due to her compensable injury and there was no credible evidence that any plans for modification of the wipe glaze job were ever communicated to plaintiff or her treating physician. Plaintiff was justified in refusing to accept the wipe glaze job offered her by Lane as it was unsuitable given her physical condition and limitation resulting from her compensable occupational disease.

Further, after plaintiff refused the wipe glaze job, she was terminated from her employment. Thereafter, Lane made no effort to provide vocational rehabilitation or to help plaintiff locate suitable employment. Subsequent to her termination, plaintiff filled out at least one hundred job applications, registered with the North Carolina Employment Security Commission and received assistance from North Carolina Vocational Rehabilitation for approximately four years. In March 1997, plaintiff found work as a cashier at a Food Lion grocery store but was unable to continue working there after July 1997 because of pain and other symptoms from her carpal tunnel syndrome.

Based on these findings, the Commission concluded, in part:

2. Plaintiff's employment with defendant-employer caused, or significantly contributed to the development of her occupational disease, carpal tunnel syndrome, and exposed her to an increased

risk of developing this condition as compared to members of the general public not so employed. N.C. Gen. Stat. § 97-53(13).

3. As a result of her occupational disease, plaintiff was justified in refusing the wipe glaze position offered by defendant-employer on 29 November 1993. N.C. Gen. Stat. § 97-32.

4. As defendants failed to produce credible evidence that suitable jobs are available that plaintiff is capable of obtaining given her physical and vocational limitations, or that plaintiff is otherwise capable of earning wages; defendants have failed to prove that plaintiff is no longer disabled. *Brown v. S & N Communications, Inc.*, 124 N.C. App. 320, 477 S.E.2d [197] (1996).

5. Plaintiff made reasonable efforts to obtain suitable employment without assistance from defendant. Plaintiff's trial return to work as a cashier at Food Lion was unsuccessful. N.C. Gen. Stat. § 97-32.1. The wages plaintiff earned at Food Lion are not indicative of her wage earning capacity. N.C. Gen. Stat. § 97-30.

The Commission awarded plaintiff ongoing total disability benefits of $171.57 per week for the periods of 29 November 1993 to 3 March 1997 and from 1 July 1997 until she returns to work.

[1] Lane first contends that the Commission erred in finding plaintiff was justified in refusing the wipe glaze job offered her by Lane. Lane argues that the job assigned to plaintiff was within the physical restrictions placed on her and that plaintiff's physician stated he would have allowed her to attempt the job on a short-term basis. Lane further points to the testimony of Lane employees that plaintiff refused the job because it was dirty, she did not like the supervisor and she wished to return to her old job as a jitterbug sander. Lane argues this evidence establishes that plaintiff did not refuse the wipe glaze job for health reasons and thus it was not a justified refusal.

The standard of review on appeal to this Court from an award by the Commission is whether there is any competent evidence in the record to support the Commission's findings and whether those findings support the Commission's conclusions of law. *Lowe v. BE&K Construction Co.*, 121 N.C. App. 570, 573, 468 S.E.2d 396, 397 (1996). Therefore, if there is competent evidence to support the findings, they are conclusive on appeal even though there is plenary evidence to support contrary findings. *Hedrick v. PPG Industries*, 126 N.C. App. 354, 357, 484 S.E.2d 853, 856, *disc. review denied*, 346 N.C. 546, 488 S.E.2d 801 (1997).

Here, the Commission found that the wipe glaze job would require extensive use of the hands and wrists and that such activity directly contradicted Dr. Marchese's recommendation. In support of these findings, the Commission was presented with evidence which showed the wipe glaze job consisted of highly repetitive motion involving the hand and wrist. Lane's own description of the job suggested that a constant wiping or rubbing motion was required. This type of repetitive motion was not within her physician's limitations and the Commission found no evidence that any modifications to the job were ever communicated to her or her physician. Therefore, competent evidence exists to support the findings of the Commission.

**[2]** Lane next contends that the Commission erred in finding plaintiff was entitled to ongoing total disability compensation. Lane first argues that the Commission erroneously placed the burden of proof on them and that plaintiff had the burden of proving the existence of her disability. Further, Lane asserts that plaintiff did not meet her burden because she failed to show that she was incapable of obtaining suitable employment and earning wages.

Under the Workers' Compensation Act, a claimant seeking benefits has the burden of proving disability. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982). However, when the parties execute a Form 21 that is approved by the Commission, that initial burden is met by claimant and the burden then shifts to defendant to disprove plaintiff's disability. *Brown v. S & N Communications, Inc.*, 124 N.C. App. 320, 477 S.E.2d 197 (1996). In order to meet that burden, defendant must produce evidence that: (1) suitable jobs are available for the employee; (2) that the employee is capable of getting said job taking into account the employee's physical and vocational limitations; and (3) that the job would enable the employee to earn some wages. *Franklin v. Broyhill*, 123 N.C. App. 200, 472 S.E.2d 382 (1996). In the absence of such evidence, plaintiff's disability continues until she returns to work at wages equal to those received at the time of the injury. *Brice v. Sheraton Inn*, 137 N.C. App. 131, 527 S.E.2d 323 (2000).

Based on its findings, the Commission properly concluded that Lane failed to meet its burden of establishing that suitable jobs were available considering plaintiff's physical and vocational limitations, that plaintiff was capable of earning wages or that plaintiff was no longer disabled. The opinion and award of the Commission is

STAMPER v. CHARLOTTE-MECKLENBURG BD. OF EDUC.

[143 N.C. App. 172 (2001)]

Affirmed.

Judges HUNTER and CAMPBELL concur.