WILLIE B. JOHNSON, Employee v. SOUTHERN TIRE SALES AND SERVICE, Employer, CASUALTY RECIPROCAL EXCHANGE, Carrier

No. 514A02

(Filed 13 August 2004)

**1. Workers' Compensation— disability—burden of proof—findings**

The Industrial Commission erred by holding that a workers' compensation plaintiff was entitled to a presumption of disability where defendants failed to accept or deny the claim within the statutory time period after filing a Form 63. This improperly shifted to defendants the burden of producing evidence that suitable jobs were available. Additionally, the Commission was obligated to make specific findings about the existence and extent of any disability suffered by plaintiff.

**2. Workers' Compensation— disability—availability of suitable employment—findings**

A work-related disability case was remanded to the Industrial Commission for additional findings where the testimony of defendant's vocational rehabilitation counselor about the availability of suitable jobs raised an issue of fact; the Commission's findings were insufficient or not legally adequate; and the Commission's findings about plaintiff's efforts to find employment were not sufficient to cure the error.

### 3. Workers' Compensation— Commission as fact finder— deputy commissioner disregarded

The Commission is the ultimate fact finder, whether from a cold record or live testimony, and it may choose to disregard a deputy commissioner's determination that a disability plaintiff was exaggerating his pain.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 152 N.C. App. 323, 567 S.E.2d 773 (2002), affirming an opinion and award entered 6 February 2001 by the North Carolina Industrial Commission. Heard in the Supreme Court 7 April 2003.

*Schiller & Schiller PLLC, by Marvin Schiller and David G. Schiller, for plaintiff-appellee.*

*Young Moore and Henderson P.A., by Joe E. Austin, Jr., and Dawn Dillon Raynor, for defendant-appellants.*

EDMUNDS, Justice.

This case arises from proceedings before the North Carolina Industrial Commission (the Commission) and raises the issue of whether the Commission erred in awarding Willie B. Johnson (plaintiff) ongoing total disability compensation as a result of his 24 October 1996 work-related injury.

The evidence in this case showed that plaintiff was employed by Southern Tire Sales and Service (defendant-employer) as a mechanic. On 24 October 1996, plaintiff sustained a work-related injury to his back while replacing a vehicle's lower ball joint. When an iron pry bar that plaintiff was using slipped unexpectedly, he experienced pain in his lower back. Defendants initially issued compensation benefits pursuant to a Form 63, Notice to Employee of Payment of Compensation Without Prejudice to Later Deny the Claim, which was dated 23 December 1996. Thereafter, pursuant to N.C.G.S. § 97-18(d), defendants accepted liability for plaintiff's injury by failing to contest the compensability of plaintiff's claim or their liability therefor within the statutory period. *See* N.C.G.S. § 97-18(d) (2003). Plaintiff continued to work for defendant-employer and sought medical treatment on 27 November 1996.

In March 1997 plaintiff came under the care of Michael D. Gwinn, M.D. (Dr. Gwinn), a board-certified expert in physical medicine and

rehabilitation. Tests revealed that plaintiff suffered from "multi-level lumbar degenerative disk disease." On 23 April 1997, Dr. Gwinn released plaintiff to light-duty work, restricting him from lifting more than fifteen to twenty pounds occasionally. Dr. Gwinn also recommended that plaintiff avoid frequent bending and twisting. On 6 August 1997, Dr. Gwinn assigned plaintiff permanent restrictions, including avoidance of frequent bending and twisting at the waist and limitations on the number of pounds plaintiff could lift or carry. Dr. Gwinn was of the opinion that plaintiff had "likely" reached maximum medical improvement and, if so, he would assign to plaintiff a ten percent permanent partial disability rating. However, defendant-employer did not have work available that met plaintiff's physical restrictions. Consequently, in August 1997 Ronald Alford (Alford), a Certified Rehabilitation Counselor with Southern Rehabilitation Network, Inc., was assigned to assist plaintiff in finding suitable employment.

Although Alford secured approximately twelve leads for jobs that were within plaintiff's restrictions, plaintiff did not receive an offer of employment from any of these potential employers. Alford testified by deposition that plaintiff was not hired because he either failed to appear at scheduled interviews or attended the interviews but effectively sabotaged his chances of being hired with complaints of being in pain. As a result of plaintiff's alleged unwillingness to cooperate with recommended treatment and his refusal to attend a scheduled evaluation for an in-patient treatment program, defendants filed with the Commission a motion requesting that plaintiff be ordered to cooperate with rehabilitation efforts. On 17 August 1998, the Deputy Commissioner ordered plaintiff to, among other things, "cooperate with efforts at rehabilitation."

On 11 December 1998, defendants filed a Form 24, Application to Terminate or Suspend Payment of Compensation, on the ground that plaintiff was still not cooperating with efforts at rehabilitation. After conducting a hearing on 5 May 1999, the Deputy Commissioner on 27 April 2000 entered an opinion and award that included findings of fact consistent with Alford's deposition testimony as to plaintiff's failure to attend some job interviews and his behavior at the interviews he did attend. Based on these findings, the Deputy Commissioner made conclusions of law entitling defendants to suspend compensation payments as of 9 February 1999 because "[p]laintiff unjustifiably refused to cooperate with defendant[-employer]'s rehabilitative efforts." The Deputy Commissioner also denied plaintiff's claim for permanent and total disability.

On 6 February 2001, the Full Commission reconsidered the record in the case and reversed the Deputy Commissioner. Although defendants submitted, and the Commission accepted, additional evidence prior to the reconsideration, no mention of this evidence is made in the Commission's opinion and award. The Commission made the following pertinent findings of fact:

3. On 24 October 1996, plaintiff sustained an injury arising out of his employment when the iron bar he was using to replace a lower ball joint suddenly gave way, and he experienced the immediate onset of pain in his lower back. This injury was deemed compensable when defendants failed to accept or deny the claim within the statutory time period after filing an Industrial Commission Form 63.

. . . .

12. In August 1997, Mr. Ronald Alford, a Certified Rehabilitation Counselor with Southern Rehabilitation Network, was assigned to assist plaintiff in finding suitable employment. Mr. Alford located approximately twelve (12) job leads for plaintiff who attended many interviews. However, no job was ever officially offered to plaintiff due to his physical condition and restrictions resulting from his 24 October 1996 compensable injury. Furthermore, in no manner were plaintiff's actions regarding these job leads inappropriate and he did not constructively refuse suitable employment.

13. In addition to Mr. Alford's efforts, plaintiff located a job lead on his own in December 1997, but was not offered the position due to his physical condition and symptoms.

14. Plaintiff has made a reasonable effort to locate suitable employment on his own and through the leads provided to him by Mr. Alford since he was first medically removed from work by Dr. Adomonis on 27 January 1997.

. . . .

18. Because no job was ever offered to plaintiff, it cannot be found that he unjustifiably refused suitable employment.

Based upon these findings, the Commission concluded that plaintiff was entitled to ongoing total disability compensation. Defendants appealed the Commission's decision to the North Carolina Court of Appeals.

**JOHNSON v. SOUTHERN TIRE SALES & SERV.**

[358 N.C. 701 (2004)]

On 20 August 2002, a divided panel of the Court of Appeals held that competent evidence supported the Commission's determination that plaintiff did not constructively refuse suitable employment because no job was ever offered to plaintiff. The dissenting judge, citing *Burwell v. Winn-Dixie Raleigh, Inc.*, 114 N.C. App. 69, 441 S.E.2d 145 (1994), stated that the test for determining whether plaintiff constructively refused suitable employment "is not whether a job was actually offered, but whether suitable jobs are available and whether plaintiff is capable of getting one." *Johnson v. Southern Tire Sales & Serv.*, 152 N.C. App. 323, 333, 567 S.E.2d 773, 780 (2002). Defendants appealed to this Court on the basis of the dissent.

The Commission, having exclusive original jurisdiction over workers' compensation proceedings, is required to hear the evidence and file its award, "together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue." N.C.G.S. § 97-84 (2003). While the Commission is not required to make findings as to each fact presented by the evidence, it must find those crucial and specific facts upon which the right to compensation depends so that a reviewing court can determine on appeal whether an adequate basis exists for the Commission's award. *Guest v. Brenner Iron & Metal Co.*, 241 N.C. 448, 451, 85 S.E.2d 596, 599 (1955). *See also Singleton v. Durham Laundry Co.*, 213 N.C. 32, 34-35, 195 S.E. 34, 35-36 (1938) (requiring the Commission to make specific findings of fact upon the evidence).

The Commission's findings of fact "are conclusive on appeal when supported by competent evidence even though" evidence exists that would support a contrary finding. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982). As a result, appellate review of an award from the Commission is generally limited to two issues: (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact. *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E.2d 374, 379 (1986). "[W]hen the findings are insufficient to determine the rights of the parties, the court may remand to the Industrial Commission for additional findings." *Hilliard v. Apex Cabinet Co.*, 305 N.C. at 595, 290 S.E.2d at 684. In addition, if the findings of the Commission are based on a misapprehension of the law, the case should be remanded so "that the evidence [may] be considered in its true legal light." *McGill v. Town of Lumberton*, 215 N.C. 752, 754, 3 S.E.2d 324, 326 (1939).

**[1]** Defendants raise three issues on appeal. First, defendants contend the Commission erred in finding that, when defendants failed to accept or deny plaintiff's claim within the statutory time period after the Form 63 was filed, a presumption of continuing disability was established and attached in plaintiff's favor.

An employee seeking compensation under the Workers' Compensation Act for an injury arising out of and in the course of employment bears "the burden of proving the existence of his disability and its extent." *Hendrix v. Linn-Corriher Corp.*, 317 N.C. at 185, 345 S.E.2d at 378. This Court has recognized that a presumption of disability in favor of an employee arises only in limited circumstances. First, the employer and employee may execute a Form 21, Agreement for Compensation for Disability, that stipulates to a continuing disability and is subsequently approved by the Industrial Commission. *See Saums v. Raleigh Cmty. Hosp.*, 346 N.C. 760, 764, 487 S.E.2d 746, 749-50 (1997). Second, the employer and employee may execute a Form 26, Supplemental Agreement as to Payment of Compensation, that stipulates to a continuing disability and is later approved by the Commission. *See Saunders v. Edenton Ob/Gyn Ctr.*, 352 N.C. 136, 140, 530 S.E.2d 62, 65 (2000). Third, an employee may prove to the Industrial Commission the existence of a disability. *See Watkins v. Central Motor Lines, Inc.*, 279 N.C. 132, 137-38, 181 S.E.2d 588, 592-93 (1971).

> [T]o support a conclusion of disability, the Commission must find: (1) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that this [plaintiff's] incapacity to earn was caused by [his] injury.

*Hilliard v. Apex Cabinet Co.*, 305 N.C. at 595, 290 S.E.2d at 683. This Court has never held that a presumption of disability is created when a Form 63 is executed by the parties, followed by payments to the employee by the employer beyond the ninety-day period without contesting the compensability of or the liability for a claim. Moreover, the Court of Appeals has held that no presumption is created in those circumstances. *See Sims v. Charmes/Arby's Roast Beef*, 142 N.C. App. 154, 159-60, 542 S.E.2d 277, 281-82, *disc. rev. denied*, 353 N.C. 729, 550 S.E.2d 782 (2001). Accordingly, we hold that no presumption of disability in plaintiff's favor arose here.

As a consequence, the Commission erred when it found that plaintiff was entitled to a presumption of disability once his injury "was deemed compensable when defendants failed to accept or deny the claim within the statutory time period after filing an Industrial Commission Form 63." With this erroneous finding, the Commission improperly shifted to defendants the burden of producing evidence that suitable jobs were available to plaintiff. Because the burden remained on plaintiff to prove his disability, the Commission was obligated to make specific findings regarding the existence and extent of any disability suffered by plaintiff. The Commission found: "On 24 October 1996, plaintiff sustained an injury arising out of his employment when the iron bar he was using to replace a lower ball joint suddenly gave way, and he experienced the immediate onset of pain in his lower back." Although the Commission also found that "[m]ultiple MRI's and other testing revealed that plaintiff had a multi-level lumbar degenerative disk disease which had been aggravated" and that "Dr. Lestini found bulging discs," it made no findings as to the nature or extent of the alleged injury or the degree to which the alleged injury exacerbated a pre-existing condition.

In addition, the Commission made findings that "[p]laintiff's pain is constant and severe" and that "plaintiff continues to experience debilitating pain as the result of his 24 October 1996 injury." Although pain can be part of a finding of disability, see Fleming v. K-Mart Corp., 312 N.C. 538, 546, 324 S.E.2d 214, 218-19 (1985), the term "disability" in the context of workers' compensation is defined as the "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C.G.S. § 97-2(9) (2003). Consequently, a determination of whether a worker is disabled focuses upon impairment to the injured employee's earning capacity rather than upon physical infirmity. Peoples v. Cone Mills Corp., 316 N.C. 426, 434-35, 342 S.E.2d 798, 804 (1986). In light of the fact that evidence was presented that plaintiff could still perform some types of work, these findings are inadequate to establish that plaintiff is disabled because of his pain.

The Commission's final finding of fact, that "[a]s the result of his 24 October 1996 injury by accident, plaintiff has been incapable of earning wages in his former position with defendant-employer or in any other employment for the period of 27 January 1997 through the present and continuing," is no more than a conclusory synopsis of its preceding findings.

[T]he court cannot ascertain whether the findings of fact are supported by the evidence unless the Industrial Commission reveals with at least a fair degree of positiveness what facts it finds. It is likewise plain that the court cannot decide whether the conclusions of law and the decision of the Industrial Commission rightly recognize and effectively enforce the rights of the parties upon the matters in controversy if the Industrial Commission fails to make specific findings as to each material fact upon which those rights depend.

*Thomason v. Red Bird Cab Co.*, 235 N.C. 602, 606, 70 S.E.2d 706, 709 (1952). Because the Commission improperly allocated the burden of proof as to the issue of disability and because, as a result of this misallocation, the Commission failed to make specific comprehensive findings as to the existence and extent of plaintiff's injury, its conclusion of law that plaintiff was totally disabled as a result of his work-related injury is unsupported by sufficient evidence. Therefore, we remand to the Commission for the purpose of making adequate findings of fact.

[2] In their second assignment of error, defendants contend that the Commission applied an incorrect legal standard in determining whether plaintiff constructively refused suitable employment. Defendants argue that the appropriate legal standard for a determination of such constructive refusal is not whether a job was ever offered to plaintiff, but rather whether the jobs identified by the rehabilitation consultant were suitable and whether plaintiff was capable of obtaining such a job if he had diligently sought employment.

If an injured employee establishes a compensable injury, the burden shifts to the employer to rebut the employee's evidence. *Gayton v. Gage Carolina Metals, Inc.*, 149 N.C. App. 346, 349, 560 S.E.2d 870, 872 (2002). As to the injured employee's ability to work, this burden "requires the employer to 'come forward with evidence to show not only that suitable jobs are available, but also that the plaintiff is capable of getting one, taking into account both physical and vocational limitations.' " *Burwell v. Winn-Dixie Raleigh, Inc.*, 114 N.C. App. at 73, 441 S.E.2d at 149 (quoting *Kennedy v. Duke Univ. Med. Ctr.*, 101 N.C. App. 24, 33, 398 S.E.2d 677, 682 (1990)) (emphasis omitted). The United States Fourth Circuit Court of Appeals has defined a "suitable job" as being one that is available to the employee and that the employee is capable of performing considering, among other things, his physical limitations. *Trans-State Dredging v. Benefits Review Bd.*, 731 F.2d 199, 201 (4th Cir. 1984). An employee is "capable of get-

ting" a suitable job when " 'there exists a reasonable likelihood . . . that he would be hired if he diligently sought the job.' " *Id.* at 201 (quoting *New Orleans (Gulfwide) Stevedores v. Turner*, 661 F.2d 1031, 1043 (5th Cir. 1981)).

An employer need not show that the employee was specifically offered a job by some other employer in order to prove that the employee was capable of obtaining suitable employment. *Trans-State Dredging v. Benefits Review Bd.*, 731 F.2d at 201. Instead, the crucial question is whether the employee can obtain a job. *Bridges v. Linn-Corriher Corp.*, 90 N.C. App. 397, 400-01, 368 S.E.2d 388, 390-91, *disc. rev. denied*, 323 N.C. 171, 373 S.E.2d 104 (1988). If the employer successfully rebuts the employee's evidence of disability by producing evidence that the employee has refused suitable employment without justification, compensation can be denied. N.C.G.S. § 97-32 (2003) ("If an injured employee refuses employment procured for him suitable to his capacity he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified."). *See also Branham v. Denny Roll & Panel Co.*, 223 N.C. 233, 236, 25 S.E.2d 865, 867-68 (1943), *limited by Peoples v. Cone Mills Corp.*, 316 N.C. 426, 342 S.E.2d 798 (1986). However, if an employer makes a showing that the employee refused a suitable job, the employee may respond by "producing evidence that either contests the availability of other jobs or his suitability for those jobs, or establishes that he has unsuccessfully sought the employment opportunities located by his employer." *Burwell v. Winn-Dixie Raleigh, Inc.*, 114 N.C. App. at 74, 441 S.E.2d at 149 (citing *Tyndall v. Walter Kidde Co.*, 102 N.C. App. 726, 732, 403 S.E.2d 548, 551, *disc. rev. denied*, 329 N.C. 505, 407 S.E.2d 553 (1991)).

Here, defendants endeavored to meet their burden of proving that suitable jobs were available by introducing the deposition of Ronald Alford, a vocational rehabilitation and employment counselor. As set out in the Deputy Commissioner's findings of fact, Alford testified that he identified approximately twelve jobs that, given plaintiff's vocational background and physical limitations, were suitable for him. Alford's testimony included not only descriptions of what these jobs entailed, but also detailed plaintiff's failure to keep appointments for some job interviews that were arranged for him and his balky behavior at the job interviews he did attend. In addition, Alford testified that in his opinion plaintiff could have found work if he had made a diligent effort to do so.

Alford's evidence raised an issue of fact with respect to the compensability of plaintiff's injury. As a result, relevant findings by the Commission were required. The Commission made two findings of fact as to whether plaintiff refused work. First, after noting that plaintiff had received no job offers despite attending "many interviews," the Commission found: "Furthermore, in no manner were plaintiff's actions regarding these job leads inappropriate and he did not constructively refuse suitable employment." However, this finding is not supported by any evidence cited in the Commission's opinion and award. It appears that the Commission inserted this conclusory finding merely to refute the numerous specific findings to the contrary made by the Deputy Commissioner. The Commission's opinion and award should have contained specific findings as to what jobs plaintiff is capable of performing and whether jobs are reasonably available for which plaintiff would have been hired had he diligently sought them. Because the Commission's opinion and award is devoid of any recitation of any such evidence, this finding is unsupported by sufficient evidence.

The Commission's second related finding was that "[b]ecause no job was ever offered to plaintiff, it cannot be found that he unjustifiably refused suitable employment." If, as this finding suggests, an injured employee must be offered a job before there can be any consideration whether the employee's refusal to take that job was justified, there would be no need for the doctrine of constructive refusal. Accordingly, the Commission's second finding was legally inadequate.

On the other hand, the Commission made findings regarding plaintiff's efforts to find employment. The Commission found that "plaintiff located a job lead on his own" and that "[p]laintiff has made a reasonable effort to locate suitable employment." Although relevant, these findings alone are insufficient to support the Commission's conclusions of law and do not cure the error resulting from the lack of findings concerning the suitability of alternative employment. Accordingly, we remand with instructions that the Commission make necessary findings of fact on which the rights of the parties can be determined.

[3] Finally, defendants contend the Commission erred by failing to consider the Deputy Commissioner's personal observations that plaintiff was exaggerating any pain he was experiencing at the hearing before the Deputy and by failing to place sufficient weight on Dr.

**IN RE BROWN**

[358 N.C. 711 (2004)]

Gwinn's opinion that plaintiff had reached maximum medical improvement. However, this Court has held that " '[t]he Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.' " *Adams v. AVX Corp.*, 349 N.C. 676, 680, 509 S.E.2d 411, 413 (1998) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965)). "Whether the full Commission conducts a hearing or reviews a cold record, N.C.G.S. § 97-85 places the ultimate fact-finding function with the Commission—not the hearing officer. It is the Commission that ultimately determines credibility, whether from a cold record or from live testimony." *Id.* at 681, 509 S.E.2d at 413. Accordingly, the Commission here was permitted to make the determinations about which defendants complain. These assignments of error are overruled.

We reverse the decision of the Court of Appeals and remand this case to that court for further remand to the Industrial Commission with directions to make additional specific findings of fact.

REVERSED AND REMANDED.