KEVIN L. GREENE, Employee, Plaintiff v. CONLON CONSTRUCTION COMPANY, Employer, and ST. PAUL TRAVELERS INSURANCE CO., Insurance Carrier, Defendants

No. COA06-1311

(Filed 3 July 2007)

**1. Workers' Compensation— weekly wage—per diem—correctly included**

> The Industrial Commission did not err in a workers' compensation case by including plaintiff's per diem stipend for food and lodging in its calculation of his weekly wage. Allowances made in lieu of wages are part of the wage contract. "In lieu of wages" needs no special definition, and there was competent evidence to support the finding that the per diem was in lieu of wages. N.C.G.S. § 97-2(5).

**2. Appeal and Error— preservation of issues—failure to assign error**

> An issue was not preserved for appellate review where no error was assigned.

Appeal by defendants from Opinion and Award entered 3 August 2006 by the North Carolina Industrial Commission. Heard in the Court of Appeals 25 April 2007.

*Scudder and Hedrick, by John A. Hedrick and April D. Seguin, for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Michael D. Moore, for defendant-appellants.*

LEVINSON, Judge.

Conlon Construction Company and St. Paul Travelers Insurance Company (defendants) appeal from an Opinion and Award of the North Carolina Industrial Commission that awarded workers' compensation benefits to plaintiff Kevin Greene. We affirm.

The pertinent facts are summarized as follows: In June 2003 plaintiff was living in Wendell, North Carolina, and worked in the construction business. Plaintiff answered an advertisement by defendant Conlon Construction Company, and spoke on the phone several times with defendant's human resource supervisor about plaintiff's taking a

job with defendant. They agreed on the terms of employment, including the job description, starting date, hourly wage, weekly *per diem* payment for out-of-town work, and health benefits.

Plaintiff started working for defendant on 14 July 2003 at a job site in Athens, Georgia. On 25 August 2003 plaintiff suffered a compensable injury when he missed the last three rungs of a ladder, landed on his right leg, and injured his leg and back. After missing a few days of work, plaintiff continued to work for defendant until the Georgia project was completed. When the Georgia job was over, plaintiff returned home to North Carolina, expecting that defendant would send him next to a job in either Maryland or California. When plaintiff returned to North Carolina, he sought medical treatment for the increasing pain in his lower back and numbness in his leg. The treatments failed to relieve the pain, and plaintiff's physician recommended a "minimally invasive fusion surgery" to correct his back injury.

Plaintiff initially filed a workers' compensation claim in Georgia. Defendants accepted liability for plaintiff's claim under Georgia workers' compensation law, but refused to pay for the surgery recommended by plaintiff's doctor. Plaintiff then filed a North Carolina Industrial Commission Form 18, reporting the injury and seeking disability and medical benefits. Defendants denied liability, and a hearing was conducted on 16 June 2005.

Deputy Commissioner George R. Hall, III, issued an Opinion and Award in November 2005, awarding plaintiff medical and disability benefits, including plaintiff's *per diem* supplement in his calculation of plaintiff's average weekly wages. Defendants appealed to the Full Commission, which issued an Opinion and Award on 3 August 2006 that affirmed the Deputy Commissioner in all relevant respects. Defendants timely appealed from the Full Commission's Opinion and Award.

## Standard of Review

"The [Industrial] Commission has exclusive original jurisdiction over workers' compensation cases and has the duty to hear evidence and file its award, 'together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue.' N.C.G.S. § 97-84 (2005). Appellate review of an award from the Industrial Commission is generally limited to two issues: (i) whether the findings of fact are supported by competent evidence, and (ii)

whether the conclusions of law are justified by the findings of fact." *Chambers v. Transit Mgmt.*, 360 N.C. 609, 611, 636 S.E.2d 553, 555 (2006) (citing *Clark v. Wal-Mart*, 360 N.C. 41, 42-43, 619 S.E.2d 491, 492 (2005)), *reh'g denied*, 361 N.C. 227, 641 S.E.2d 801 (2007). "The Commission's findings of fact 'are conclusive on appeal when supported by competent evidence even though' evidence exists that would support a contrary finding." *Johnson v. Southern Tire Sales & Serv.*, 358 N.C. 701, 705, 599 S.E.2d 508, 512 (2004) (quoting *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982)). "Determinations of the weight and credibility of evidence are for the Commission; this Court simply determines whether the record contains any evidence tending to support the finding. Findings of fact not assigned as error are conclusively established on appeal." *Hensley v. Industrial Maint. Overflow*, 166 N.C. App. 413, 418, 601 S.E.2d 893, 897 (2004) (citing *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965), and *Robertson v. Hagood Homes, Inc.*, 160 N.C. App. 137, 140, 584 S.E.2d 871, 873 (2003)), *disc. review denied*, 359 N.C. 631, 613 S.E.2d 690 (2005).

---

**[1]** Defendants argue on appeal that the Industrial Commission erred by including plaintiff's *per diem* stipend in its calculation of plaintiff's weekly wage. We disagree.

This issue is addressed by N.C. Gen. Stat. § 97-2(5) (2005), which provides in pertinent part that "[w]herever allowances of any character made to an employee in lieu of wages are specified part of the wage contract, they shall be deemed a part of his earnings." Defendants argue first that our common law precedent has not defined the meaning of the words "in lieu of wages." We conclude that this phrase needs no special definition. "Wages" are commonly understood to be "payment for labor or services," *see* 1610 BLACK'S LAW DICTIONARY 8th Ed, and "in lieu of" means "instead of or in place of," *see* 803 BLACK'S LAW DICTIONARY 8th Ed. Thus, allowances made "in lieu of wages" are those made "in place of payment for labor or services."

The determination of whether an allowance was made in lieu of wages is a question of fact:

> [Defendant-employer] argues that the full Commission erred in concluding that [claimant's] average weekly wage should include . . . mileage reimbursement. . . . [W]e are bound by the findings of the full Commission so long as there is some evidence of record

to support them[.] . . . As . . . there is competent evidence to support the finding that [claimant] was paid mileage in lieu of wages, the full Commission properly included the mileage in her average weekly wage.

*Chavis v. TLC Home Health Care,* 172 N.C. App. 366, 373-74, 616 S.E.2d 403, 410 (2005), *appeal dismissed,* 360 N.C. 288, 627 S.E.2d 464 (2006). Similarly, in *Shah v. Howard Johnson,* 140 N.C. App. 58, 535 S.E.2d 577 (2000), defendant argued that "the Commission erred in finding that the value of plaintiff's lodging was $ 100.00 per week, and that plaintiff .. . . . [was] receiv[ing] lodging in lieu of additional wages[.]" *Id.* at 65, 535 S.E.2d at 582. This Court upheld the Commission, noting that "we are bound by the findings so long as there is some evidence of record to support them[.] . . . [T]here was ample evidence to support a finding that lodging was furnished to plaintiff as part of his employment contract, and . . . had a value of $100.00." *Id.* at 66, 535 S.E.2d at 582.

In the present case, the Commission found in pertinent part that:

18. . . . [P]laintiff earned hourly wages[.] . . . Additionally, [defendant] paid plaintiff allowances for food and lodging that . . . were not based on actual expenses for lodging or meals and plaintiff was not required to submit receipts or other documentation in order to receive allowances. [Defendant] paid plaintiff the weekly allowance of $320.00 regardless of whether he in fact had any expenses for lodging or meals. [Defendant] allowed plaintiff complete discretion of how to spend the allowances, if at all. The allowances paid to plaintiff were, therefore, in lieu of wages.

Regarding the Commission's findings that the $320.00 per week *per diem* (1) was not based on actual expenses or submission of receipts for reimbursement; (2) was paid in the same amount every week, even if plaintiff had no actual expenses for lodging and meals; and (3) was to be spent in plaintiff's complete discretion, defendants concede that these "findings are factually accurate." Defendants challenge only the Commission's finding that the allowance was "in lieu of wages."

We conclude that there is competent evidence to support the finding that the *per diem* was in lieu of wages. This finding is consistent with the Commission's other findings which, as discussed above, are conceded by defendants to be accurate. Additionally, defendants'

own guidelines on the payment of the *per diem* allowance support the finding that this payment is in lieu of wages. Defendant's "Lump Sum *per diem* guidelines" states that:

> Lump Sum *per diem* is defined as the weekly amount you will receive for living expenses while working away from your principal residence and is currently set at $320 per week. . . . Your *per diem* will be paid weekly and included on your paycheck. . . .
>
> . . . .
>
> . . . We suggest you shop for the best deals available. <u>You are spending your own money</u>. . . . It is not expected that this will cover all of your expenses for meals and lodging in all locations, but this will cover the majority of your additional expenses for travel.
>
> Conlon has the option to cover lodging and transportation at the actual expense. If Conlon pays for transportation and lodging . . . [and] for meals also, the employee receives no *per diem*.
>
> . . . .
>
> For projects with extremely high or low hotel rates, we will consider a request for changes in allowances to reflect the expense.

These guidelines clearly establish the payment of a set amount, neither determined by reference to actual receipts, nor expected to cover all expenses of travel. Indeed, reimbursement for actual expenses is set out as an <u>alternative</u> option. We conclude that the Commission did not err by finding that the *per diem* allowance was paid in lieu of wages. This assignment of error is overruled.

**[2]** Defendants also argue that the Commission erred by finding that its calculation of plaintiff's weekly wage was "fair and just to both parties." Because defendants did not assign error to this finding, this issue was not preserved for appellate review. N.C. R. App. P. 10(a).

For the reasons discussed above, we conclude that the Commission did not err and that its Opinion and Award should be

Affirmed.

Judges McGEE and JACKSON concur.