* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stanback and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Stanback with modifications.
 * * * * * * * * * * * The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as: *Page 2 STIPULATIONS
1. All parties are properly before the Industrial Commission, and that the Industrial Commission has jurisdiction over the parties and the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. This case is subject to the North Carolina Workers' Compensation Act.
4. An employment relationship existed between plaintiff and defendant on December 16, 2003.
5. Plaintiff's average weekly wage at the time of the accident was $330.00, yielding a compensation rate of $220.00.
6. Documents entered into evidence include the following:
 a. Stipulated Exhibit #1 — Plaintiff's medical records
 b. Stipulated Exhibit #2 — Industrial Commission Forms
7. Plaintiff contends that the contested issues are as follows:
 a. Did plaintiff suffer an injury by accident on December 16, 2003?
 b. Did plaintiff suffer a compensable injury arising out of and in the course and scope of her employment with defendant?
 c. To what extent was plaintiff temporarily totally disabled?
 d. To what extent was plaintiff permanently partially disabled?
 e. Is plaintiff entitled to have medical bills paid?
8. Defendant contends that the contested issues to be tried by the court are as follows: *Page 3 
 a. Whether plaintiff sustained a compensable injury by accident arising out of and in the course and scope of her employment with defendant on December 16, 2003?
 b. If so, whether plaintiff's alleged spinal condition is causally related to the alleged incident of December 16, 2003?
 * * * * * * * * * * * Based upon all the competent evidence from the record, the Full Commission finds as follows: FINDINGS OF FACT
1. On December 16, 2003, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant. Plaintiff was standing in front of a file cabinet in a confined space. Plaintiff testified that as a male co-worker, Mr. Stevenson, passed behind her that she felt him hit her in the back and was shoved against the filing cabinet. As a result, plaintiff felt an immediate onset of pain in her back as well as a loss of breath. Plaintiff testified that Mr. Stevenson then sat down on a stool, folded his arms, and gave plaintiff an intimidating look. Plaintiff told Mr. Stevenson that he had hurt her. Immediately following the incident, plaintiff was visibly upset. Plaintiff was performing her work duties at the time of the incident.
2. The Full Commission finds plaintiff's testimony to be credible.
3. At the time of plaintiff's December 16, 2003 work injury, plaintiff was a 42 year old re-use technician employed by defendant. Plaintiff is a high school graduate with one year of community college education. Plaintiff has been employed by defendant since 1999.
4. On December 19, 2003, plaintiff obtained medical treatment at Primecare Medical Center. Wayne Tamberelli, a certified physician's assistant, examined plaintiff in connection *Page 4 
with her request for back x-rays. Mr. Tamberelli's notes reflect that the plaintiff was upset, crying, fearful, and not sleeping. He diagnosed plaintiff as having a contusion to her mid back. Plaintiff was prescribed a muscle relaxant, advised to obtain medical follow-up care in two weeks, and allowed to return to work in a sedentary capacity.
5. On December 22, 2003, plaintiff obtained authorized medical treatment at Halifax Medical Center for neck and shoulder pain resulting from the December 16, 2003 injury by accident. Physician's Assistant, Phillip Ziady examined plaintiff. Mr. Ziady diagnosed plaintiff with a back contusion and neck and shoulder strain, and he prescribed a muscle relaxant. Mr. Ziady ordered conservative treatment intended to increase plaintiff's strength and range of motion with the intent of achieving reduced pain symptoms. He released plaintiff to return to work with light duty restrictions of not lifting more than 15-20 pounds and to avoid heavy lifting while performing activities as tolerated.
6. On January 16, 2004, Dr. James Kubley of the Roanoke Clinic, examined plaintiff for complaints of stiff neck, back pain, and numbness in her legs resulting from the December 16, 2003 incident. Dr. Kubley, as a result of plaintiff's pain arising from the December 16, 2003 accident, removed plaintiff from work beginning January 16, 2004 through February 14, 2004. Plaintiff attended three physical therapy sessions until the insurance carrier stopped paying for plaintiff's medical treatment on or about January 12, 2004. Plaintiff actually returned to work early on February 2, 2004.
7. After December 16, 2003, plaintiff continued to experience pain that impaired her ability to work her job with defendant for a full eight-hour shift. Although she continued to clock in at work, there were occasions when she was unable to perform all of her job duties, so other co-workers would perform plaintiff's job duties for her. *Page 5 
8. On April 7, 2004, Dr. Kubley opined that plaintiff was unable to perform her duties for defendant or to perform any job duties as a result of the December 16, 2003 accident being the original source of her back injuries or the incident that aggravated any condition that may have been pre-existing.
9. On December 13, 2004, Dr. Miller initially treated plaintiff conservatively for her back pain. On December 29, 2004, after plaintiff's MRI results, which disclosed a lumbar disc herniation, after plaintiff's physical therapy session, and after plaintiff's pain relief from cortisone injections, Dr. Miller performed a laminectomy to relieve some of plaintiff's numbness, weakness, and pain. The surgery alleviated the lumbar disc compression of a nerve and relieved plaintiff's pain radiating down her legs. Dr. Miller opined to a reasonable degree of medical certainty, and the undersigned find, that plaintiff's herniated disc that caused plaintiff's back pain and other pain symptoms is a direct result from plaintiff's compensable December 16, 2003 work-related accident. Dr. Miller opined to a reasonable degree of medical certainty, and the undersigned find, that plaintiff's mid-back pain due to chronic soft tissue injury is a direct result of the December 16, 2003 work-related accident.
10. Beginning on December 29, 2004, Dr. Miller removed plaintiff from performing work to recover from her back surgery. On August 16, 2005, plaintiff performed a functional capacity evaluation (FCE). Dr. Miller then released plaintiff to return to work within the sedentary duty restrictions contained in the FCE, including no lifting over ten pounds. On September 15, 2005, Dr. Miller recommended that plaintiff receive pain management treatment because she had continuing pain. Dr. Miller assessed plaintiff as having a thirteen percent (13%) permanent partial disability rating to the back as a result of the December 16, 2003 incident *Page 6 
resulting in surgery with ongoing pain. Dr. Miller has discontinued his active care of plaintiff for her back.
11. Dr. Kubley continued to treat plaintiff on an intermittent basis as a result of her continuing stiff neck and lower back pain. Dr. Kubley opined to a reasonable degree of medical certainty, and the undersigned finds, that plaintiff's herniated discs were caused by the December 16, 2003 work-related accident. Dr. Kubley opined to a reasonable degree of medical certainty, and the undersigned find that plaintiff's stiff neck and lower back pain are caused by the herniated discs. Dr. Kubley also opined that plaintiff has developed depression as a result of her continuing pain and that plaintiff is unable to perform any type of work arising from the December 16, 2003 work-related accident.
12. Although Dr. Kubley opined that plaintiff is unable to perform any type of work arising from her December 16, 2003 work-related accident, the Full Commission gives greater weight to the testimony and opinion of Dr. Miller.
13. Following the 2005 FCE allowing plaintiff to return to sedentary work with restrictions, plaintiff failed to look for work. The Full Commission finds that plaintiff was temporarily totally disabled for the periods of January 16, 2004 through February 1, 2004 and December 29, 2004 through September 15, 2005.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On December 16, 2003, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant which resulted in plaintiff suffering a back and neck *Page 7 
injury. As a result of the December 16, 2003 injury by accident, plaintiff also sustained a shoulder injury. N.C. Gen. Stat. § 97-2(6).
2. As a result of her injuries, plaintiff is entitled to compensation for temporary total disability for the periods January 16, 2004 through February 1, 2004 and December 29, 2004 through September 15, 2005 payable by defendants at the rate of $220.00 per week. N.C. Gen. Stat. § 97-29.
3. As plaintiff is capable of some work but has failed to seek suitable employment, plaintiff has failed to meet her burden of proof that she is disabled as a result of her compensable injury beyond September 15, 2005. Johnson v. Southern Tire Co., 358 N.C. 701, 706, 599 S.E.2d 508, 512 (2004).
4. Plaintiff is entitled to receive payment for medical treatment for her compensable injuries which are reasonably required to effect a cure, provide relief and/or lessen her period of disability. N.C. Gen. Stat. §§ 97-2(19); 97-25.
5. As a result of her compensable injury, plaintiff has sustained a thirteen percent (13%) permanent disability to her back. N.C. Gen. Stat. § 97-31.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to attorney's fees approved herein, defendants shall pay temporary total disability compensation to plaintiff at the rate of $220.00 per week from January 16, 2004 through February 1, 2004 and December 29, 2004 through September 15, 2005. All benefits that have accrued shall be paid in one lump sum subject to the attorney's fees approved herein. *Page 8 
2. Defendants shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
3. A reasonable attorney fee is approved for plaintiff's counsel in the amount of twenty-five percent (25%) of the compensation awarded to plaintiff.
4. Plaintiff is entitled to permanent partial disability of thirteen percent (13%) to her back. Plaintiff is entitled to 39 weeks of temporary total disability benefits at the rate of $220.00 per week. Plaintiff's counsel is entitled to payment of twenty-five percent (25%) of the total compensation due plaintiff.
5. Defendants shall pay the costs of this action.
This the 29th day of April 2008.
 S/___________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER *Page 1