IOLA COOK, EMPLOYEE, PLAINTIFF v. SOUTHERN BONDED, INC., D/B/A CAROLINA QUILTERS, EMPLOYER, AND AETNA CASUALTY AND SURETY INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8610IC273

(Filed 5 August 1986)

Master and Servant § 94.3— workers' compensation--motion to reopen case not timely

Plaintiff's request to reopen her workers' compensation claim was made more than two years after plaintiff received the last payment of compensation, and plaintiff's request for review was thus properly denied pursuant to N.C.G.S. § 97-47.

APPEAL by plaintiff from the North Carolina Industrial Commission opinion filed 14 October 1985. Heard in the Court of Appeals 12 June 1986.

This is a claim under the Workers' Compensation Act whereupon plaintiff requested a review of a prior award pursuant to G.S. 97-47.

The facts pertinent to this appeal are contained in the following summary of selected stipulations of the parties, adopted in the opinion of Deputy Commissioner Bryant, and the opinion of the Full Commission: In an opinion and award filed 6 March 1980, plaintiff's initial claim was allowed. In a subsequent opinion and award filed 18 March 1982, compensation was determined, with plaintiff receiving an award for temporary total disability and for permanent disability of five percent (5%) of her back. On 1 April 1982, defendants appealed the opinion and award determining compensation. Defendants withdrew their appeal by letter dated 21 June 1982. By order filed 28 June 1982, the Full Commission dismissed the appeal. In a letter dated 26 June 1984, plaintiff's counsel wrote the Industrial Commission requesting information regarding plaintiff's prior award. The letter stated, "The claimant has expressed an interest in reopening her claim, and I need to know when the last Industrial Commission ruling regarding her case was made." In a letter dated 27 July 1984 and received by the Industrial Commission on 30 July 1984, plaintiff reopened her claim by expressing her desire to "make a claim for additional compensation because of injuries received from a job related accident while working at Southern Bonded, Inc." Plaintiff requested a hearing.

Plaintiff's request for review came on for hearing on 3 April 1985 and 29 May 1985 before Deputy Commissioner Bryant. It was agreed by the parties that whether plaintiff was entitled to a rating of more than five percent (5%) permanent partial disability of the back "may be initially decided upon the issue of whether plaintiff's claim has been timely filed within the meaning of G.S. 97-47." Deputy Commissioner Bryant dismissed plaintiff's claim for failure to request the reopening of her claim in two years or less from the date of the last payment of compensation under her initial award. Plaintiff appeals.

Cook v. Southern Bonded, Inc.

*Jackson & Holmes, by Harvey D. Jackson, for plaintiff appellant.*

*Royster, Royster & Cross, by S. S. Royster, for defendant appellees.*

JOHNSON, Judge.

We note at the outset that although plaintiff did not properly note exceptions and assignments of error in accordance with Rule 10, N.C. Rules App. P., plaintiff did present for review by properly raising in her brief the question whether the judgment appealed from is supported by the findings of fact and conclusions of law as provided in Rule 10(a), N.C. Rules App. P. Our scope of review will be limited accordingly.

The sole question presented by plaintiff for review is whether the Commission erred in dismissing her claim for additional benefits for the reason that her request for review was untimely. One who has received an award of compensation under the Workers' Compensation Act may move the Industrial Commission to review the prior award on the grounds of a change in condition under G.S. 97-47. However, G.S. 97-47 has an express time limitation, as follows:

> [N]o such review shall be made after two years from the date of the last payment of compensation pursuant to an award under this Article, except that in cases in which only medical or other treatment bills are paid, no such review shall be made after 12 months from the date of the last payment. . . .

G.S. 97-47.

In the order dismissing plaintiff's request for a review, Deputy Commissioner Bryant made the following findings of fact:

> 1. Plaintiff was last paid compensation in this matter by check dated April 8, 1982 and that was negotiated at least as of June 3, 1982.
>
> 2. Plaintiff filed to reopen this claim on July 27, 1984 and the same was more than two years after her last payment of compensation.

Upon review, the Full Commission adopted "as its own" the deputy commissioner's opinion. As stated above, because plaintiff

Cook v. Southern Bonded, Inc.

did not except to these findings they are conclusive on appeal. The last payment of compensation within the meaning of G.S. 97-47 is the date the last check was delivered to and accepted by the employee. *Baldwin v. Amazon Cotton Mills*, 253 N.C. 740, 744, 117 S.E. 2d 718, 721 (1961). The findings support the conclusion of law that plaintiff's request to reopen her claim was more than two years after plaintiff received the last payment of compensation. This conclusion in turn supports an order denying plaintiff's request to review her prior award.

Plaintiff contends that defendants are estopped from claiming the lapse of time as a bar to plaintiff's claim for additional compensation because (1) plaintiff did not recall receiving a Form 28B with the check for the amount of compensation and (2) defendants' appeal, pending until dismissed by order of the Full Commission on 28 June 1982, prevented the limitations period from running at a date earlier than the date of dismissal. We find both arguments unpersuasive.

One, a Form 28B, dated 8 April 1982, was received by the Industrial Commission on 19 April 1982 and placed in the Industrial Commission's file. Mrs. Cook testified that she did not know whether the check was accompanied by a Form 28B; that her attorney received the compensation check in the mail; and that she went to his home to pick up the check. Plaintiff's contention is contrary to the express provisions of G.S. 97-47. *Willis v. Davis Industries*, 280 N.C. 709, 714, 186 S.E. 2d 913, 916 (1972). The statute expressly provides that the time limitation commences to run from the date on which he received the last payment of compensation, not from the date on which the employee received a Form 28B. *See id.* at 714-15, 186 S.E. 2d at 916. Two, plaintiff did not except to an omitted finding of fact that plaintiff did not receive a Form 28B. As stated previously, the findings in the record before us cannot be challenged on this appeal. Rule 10, N.C. Rules App. P.

Plaintiff's second contention is also contrary to the express provisions of the statute. For the same reasons that the time limitation does not commence to run upon the employee's receipt of a Form 28B, posited above, it does not commence to run upon the dismissal of an appeal. After reviewing the entire record we find no equitable grounds that would allow plaintiff to circumvent the clear language of the statute.

Plaintiff is correct in stating that the order dismissing plaintiff's claim erroneously stated as the basis for its dismissal that the Industrial Commission lacked subject matter jurisdiction. In *Pennington v. Flame Refractories, Inc.*, 53 N.C. App. 584, 281 S.E. 2d 463 (1981), this Court stated, "This two year limitation is not jurisdictional. It merely provides a defense . . . which the employer may assert." *Id.* at 587-88, 281 S.E. 2d at 466. However, the error is not prejudicial. It is a familiar rule in appellate procedure that the appellant must not only show error, but also that the error is material and prejudicial, amounting to a denial of a substantial right and that a different result would have likely ensued. *Sisson v. Royster*, 228 N.C. 298, 301, 45 S.E. 2d 351, 354 (1947). Because no other result could ensue other than a denial of plaintiff's request for review for lack of timeliness, the order of the Full Commission is

Affirmed.

Judges BECTON and COZORT concur.