DAPHNE SHARPE, Employee, Plaintiff v. REX HEALTHCARE, Employer, ALLIED CLAIMS ADMINISTRATION, Carrier, Defendants

No. COA05-1010

(Filed 5 September 2006)

**1. Workers' Compensation— return to work—conclusions— supported by competent evidence**

There was competent evidence in a workers' compensation case to support findings that plaintiff had not approached her employer about returning to work and had not shown that her

SHARPE v. REX HEALTHCARE

[179 N.C. App. 365 (2006)]

unjustified refusal to return to work had ceased. While plaintiff testified that she could not work because she was still hurt and argued that competent evidence supported that contention, it is not the role of the Court of Appeals to re-weigh the evidence or to substitute its evaluation of credibility for that of the Industrial Commission.

2. **Workers' Compensation— change of condition—time limitation**

The two-year time limitation for filing for a change of condition in workers' compensation cases runs from the date on which the employee received the last payment of compensation, not from the date the employee receives a Form 28B. The plaintiff here failed to file a timely claim where she received her last compensation check on 17 May 1999 and filed for a change of condition on 3 October 2002.

3. **Workers' Compensation— appeal and claim for additional compensation—timeliness**

A workers' compensation plaintiff failed to timely appeal from the denial of compensation or to timely make a claim for additional compensation.

4. **Workers' Compensation— conclusions—supported by findings**

Disputed conclusions in a workers' compensation case were fully supported by the findings of fact.

5. **Workers' Compensation— change of treating physicians— request not timely**

The Industrial Commission did not err in finding and concluding that plaintiff failed to request a change of treating physicians within a reasonable time. She raised the issue of payment for unauthorized treatments more than three years after defendant made its last payment of medical compensation for authorized treatment, and she acknowledged that she had not previously sought to change her treating physicians.

Judge LEVINSON concurring in part and dissenting in part.

Appeal by plaintiff from opinion and award entered 12 April 2005 by the North Carolina Industrial Commission. Heard in the Court of Appeals 23 February 2006.

*Michael J. Anderson, for plaintiff-appellant.*

*Young Moore and Henderson P.A., by Dawn D. Raynor and Angela N. Farag, for defendants-appellees.*

TYSON, Judge.

Daphne Sharpe ("plaintiff") appeals from the North Carolina Industrial Commission's opinion and award ("the Commission") denying her claim for further compensation and medical benefits under the North Carolina Workers' Compensation Act. We affirm.

## I. Background

On 20 June 1998, plaintiff was employed by Rex Healthcare ("Rex") as a certified nursing assistant. Plaintiff injured her back while lifting a patient from the floor. Plaintiff's original claim for benefits was accepted by defendants' filing a Form 60 on 23 July 1998. Plaintiff was initially treated by Dr. Douglas Hammer ("Dr. Hammer") at Rex. Dr. Hammer recommended physical therapy and referred plaintiff to Dr. Scott Sanitate ("Dr. Sanitate"), who administered epidural injections. Plaintiff was also referred to Dr. James Fulghum ("Dr. Fulghum"), who performed surgery on an herniated disc in plaintiff's spine on 16 December 1998. Dr. Fulghum released plaintiff during late April or early May 1999, and indicated she had reached maximum medical improvement and had sustained a 10% permanent partial rating. Dr. Fulghum also restricted plaintiff's work, limiting lifting. Plaintiff was advised to refrain from frequent twisting or bending. A Form 28 Return to Work Report was approved by defendants and filed with the Commission on 27 July 1998.

Plaintiff accepted a job at the pediatric unit at Rex Hospital. Plaintiff greeted family members and screened and monitored children during the day. Rex Hospital staff were aware of plaintiff's lifting restrictions and provided her assistance when needed. Plaintiff's work attendance was not consistent. Plaintiff last day at work at Rex Hospital was 2 August 1999. On 10 August 1999, plaintiff's husband called Rex Hospital and stated she would not attend work. Rex Hospital terminated plaintiff. Following this termination, plaintiff remained unemployed.

On 31 August 2001, the Commission concluded plaintiff had refused suitable employment and was not entitled to further compensation until her refusal to work ceased.

In 2001, plaintiff continued treatment with her personal physician, Dr. Hand, while also under the care of Drs. Fulghum and Sanitate. Dr. Hand recommended plaintiff see Dr. William Deans ("Dr. Deans"), a board certified neurologist, for pain management. Dr. Deans opined plaintiff's recurrent disc herniation was an exacerbation of her condition and increased pain. Dr. Deans referred plaintiff to another neurosurgeon, Dr. Lucas Martinez ("Dr. Martinez").

Dr. Martinez performed a second surgery on plaintiff's back on 15 November 2002. Plaintiff testified that she "got a little relief" from this surgery. Plaintiff never contacted Rex or their insurance carrier, Allied Claims, for authorization for the treatment rendered either by Dr. Hand or Dr. Deans, or approval for the surgeries by Dr. Martinez during 2001 and 2002.

Rex filed a Form 28B on 13 April 2000 stating the "last compensation check was forwarded" on 17 May 1999, and the "last medical compensation was paid" on 24 January 2001.

Plaintiff filed a Form 33 on 3 October 2002 requesting a new hearing. Plaintiff claimed defendants refused to pay temporary total disability benefits. Defendants filed a Form 33R and responded that "[p]laintiff has never requested temporary total disability compensation since an Opinion and Award filed on August 31, 2001 was filed denying her claim for temporary total disability benefits."

On 17 June 2004, Deputy Commissioner Baddour entered an opinion and award finding plaintiff failed to show her unjustified refusal to return to work had ceased, and concluded she was not entitled to any further compensation or medical expenses. On 12 April 2005, the Full Commission affirmed Deputy Commissioner Baddour's findings:

1. Defendant-carrier mailed plaintiff's final indemnity check on or about May 17, 1999. Defendant-carrier filed a Form 28B on or about April 13, 2000, followed by a revised Form 28B that was filed on or about November 16, 2001. Both the first Form 28B and the second Form 28B indicate that the last compensation check was forwarded to plaintiff on May 17, 1999.

2. Defendant-carrier made the final payment for authorized medical expenses on or about January 4, 2001, as indicated on the revised Form 28B.

3. On August 31, 2001, the Full Commission filed an Opinion and Award in this matter that contained the following Conclusion of

Law: "Plaintiff refused employment procured for her suitable to her capacity; therefore, plaintiff is not entitled to compensation under the provisions of the North Carolina Workers' Compensation Act until such refusal ceases. N.C. Gen. Stat. § 97-32." The Full Commission's Opinion and Award contained the following Order: "Under the law, plaintiff's claim for workers' compensation benefits must be, and the same is hereby suspended."

4. Plaintiff did not appeal the Full Commission's Opinion and Award filed on August 31, 2001.

5. Following the filing of the Full Commission's Opinion and Award on August 31, 2001, plaintiff never approached the defendant-employer regarding returning to work.

6. Plaintiff failed to show that her unjustified refusal to return to work has ceased.

. . . .

8. Plaintiff did not claim any other benefits on the Form 33 filed October 3, 2002. Specifically, plaintiff checked the box indicating a claim for "payment of compensation for days missed" and did not check the box indicating a claim for "payment of medical expenses/treatment."

9. On or about April 24, 2003, plaintiff asserted, for the first time, a claim for payment of past unauthorized medical expenses and a claim for payment of future médical expenses. These claims were raised as issues in the pretrial agreement for the hearing on April 24, 2003 before the undersigned.

10. Plaintiff has never requested a change of treating physician and has not sought approval and payment of unauthorized medical expenses within a reasonable time.

11. Plaintiff failed to make a claim for a change of condition within two years of defendants' last payment of indemnity compensation.

12. Plaintiff failed to file a Form 18M, or otherwise make a claim for additional medical compensation within two years of defendants' last payment of medical or indemnity compensation.

The Full Commission concluded:

1. The Full Commission's Opinion and Award filed on August 31, 2001 is conclusive and binding. Because plaintiff failed to show

that her unjustified refusal to return to work has ceased, plaintiff is not entitled to payment of any additional compensation, including temporary total disability compensation or an impairment rating. N.C. Gen. Stat. §§ 97-86; 97-2(11).

2. Plaintiff failed to request approval of unauthorized medical expenses within a reasonable time. N.C. Gen. Stat. § 97-25.

3. Plaintiff failed to make a claim for a change of condition within two years of defendants' last payment of indemnity compensation. Accordingly, plaintiff's claim for additional indemnity compensation based upon a change of condition is time barred. N.C. Gen. Stat. § 97-47.

4. Plaintiff failed to file a Form 18M, or otherwise make a claim, for additional medical compensation within two years of the employer's last payment of medical or indemnity compensation. Accordingly, plaintiff's claim for additional medical compensation is time barred. N.C. Gen. Stat. § 97-25.1; NCIC Workers' Compensation Rule 408.

Plaintiff appeals solely from the 12 April 2005 opinion and award.

## II.  Issues

Plaintiff argues the Commission erred in: (1) denying her claim for further compensation by concluding she failed to show that her unjustified refusal to return to work has ceased; (2) concluding that the two-year limitations period contained in N.C. Gen. Stat. § 97-47 precluded a change of condition claim; and (3) denying her request for change in treating physicians.

Plaintiff's remaining assignments of error not carried forward and argued in her brief are deemed abandoned and dismissed. N.C.R. App. P. 28(b)(6) (2006).

## III.  Standard of Review

"The standard of review on appeal to this Court from an award by the Commission is whether there is any competent evidence in the record to support the Commission's findings and whether those findings support the Commission's conclusions of law." *Oliver v. Lane Co.*, 143 N.C. App. 167, 170, 544 S.E.2d 606, 608 (2001). This Court does not re-weigh evidence or assess credibility of witnesses. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998). "[I]f . . .

competent evidence support[s] the findings, they are conclusive on appeal even though . . . plenary evidence [may] support contrary findings." *Oliver*, 143 N.C. App. at 170, 544 S.E.2d at 608 (citations omitted). "The Commission may weigh the evidence and believe all, none or some of the evidence." *Hawley v. Wayne Dale Constr.*, 146 N.C. App. 423, 428, 552 S.E.2d 269, 272, *disc. rev. denied*, 355 N.C. 211, 558 S.E.2d 868 (2001). "The Commission's conclusions of law are reviewable *de novo.*" *Arnold v. Wal-Mart Stores, Inc.*, 154 N.C. App. 482, 484, 571 S.E.2d 888, 891 (2002).

## IV. Refusal to Work

[1] Plaintiff argues that the Commission erred in denying her claim for further compensation after concluding she failed to show she had ceased her unjustified refusal to return to work.

Under the North Carolina Workers' Compensation Act, a disability is defined as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (2005). The term "disability" refers to diminished earning capacity. "If an injured employee refuses employment procured for him suitable to his capacity he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified." N.C. Gen. Stat. § 97-32 (2005).

Plaintiff challenges findings of fact numbered 5 and 6, contending they are "contrary to any competent evidence." We disagree.

Competent evidence in the record demonstrates that plaintiff never approached Rex about returning to work after Rex Hospital terminated her employment for absences. Plaintiff also failed to present any evidence showing that she accepted or looked for other suitable employment in conformity with her prescribed work restrictions. While plaintiff testified she could not work because she was still hurt and argues on appeal competent evidence in the record supports this contention, it is not the role of this Court to re-weigh the evidence or substitute our evaluation or credibility of the evidence for that of the Commission. *See Roberts v. Century Contrs., Inc.*, 162 N.C. App. 688, 691, 592 S.E.2d 215, 218 (2004). We conclude that findings of fact numbered 5 and 6 are supported by competent evidence. Plaintiff's assignment of error is overruled.

## V. Two-Year Limitations Period

**[2]** Plaintiff next contends the two year limitations period to file for a change of condition pursuant to N.C. Gen. Stat. § 97-47 did not run, and defendants owe her the ten percent permanent partial disability pursuant to the 31 August 2001 award. We disagree.

Under N.C. Gen. Stat. § 97-47 (2005):

the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded : . . . No such review shall affect such award as regards any moneys paid but no such review shall be made after two years from the date of the last payment of compensation pursuant to an award under this Article.

The time limitation commences to run from the date on which employee received the last payment of compensation, not from the date the employee receives a Form 28B. *Cook v. Southern Bonded, Inc.*, 82 N.C. App. 277, 280, 346 S.E.2d 168, 170 (1986), *disc. rev. denied*, 318 N.C. 692, 351 S.E.2d 741 (1987).

Plaintiff received her last compensation check on 17 May 1999. The two-year limitation period for filing a change of condition began to run on 17 May 1999. Plaintiff filed for a change of condition on 3 October 2002, more than two years after her receipt of her last compensation check. Plaintiff failed to file a timely claim asserting a change of her condition.

**[3]** Plaintiff also failed to appeal from the Full Commission's 31 August 2001 award. In its 12 April 2005 opinion and award, the Commission's conclusion of law numbered 1 states:

The Full Commission's Opinion and Award filed on August 31, 2001 is conclusive and binding. Because plaintiff failed to show that her unjustified refusal to return to work has ceased, plaintiff is not entitled to payment of any additional compensation, including temporary total disability compensation or an impairment rating. N.C. Gen. Stat. §§ 97-86; 97-2(11).

Under N.C. Gen. Stat. § 97-86, "an award of the [full] Commission . . . shall be conclusive and binding as to all questions of fact; but either party to the dispute may, within 30 days from the date of such award . . . appeal from the decision of said Commission to the Court of Appeals for errors of law . . . ." N.C. Gen. Stat. § 97-86 (2005); *see Hall v. Thomason Chevrolet, Inc.*, 263 N.C. 569, 575, 139 S.E.2d

857, 861 (1965) (an award of the Commission, if not reviewed in due time as provided in the Act, is conclusive and binding as to all questions of fact).

Plaintiff failed to appeal from the 31 August 2001 award and lost her right to appeal from the Commission's conclusion denying her compensation. The opinion and award's findings of fact are conclusive and binding. *Hall*, 263 N.C. at 575, 139 S.E.2d at 861.

Plaintiff appeals solely from the 12 April 2005 Commission's opinion and award. The Commission's finding of fact numbered 1 which states, "defendant-carrier mailed plaintiff's final indemnity check on or about May 17, 1999," is supported by competent evidence in the record. Defendants' amended Form 28B states plaintiff's last compensation check was forwarded to her on 17 May 1999. The Commission's conclusion of law numbered 4 which states, "plaintiff failed to file a Form 18M, or otherwise make a claim, for additional medical compensation within two years of the employer's last payment of medical or indemnity compensation," is supported by finding of fact numbered 1. Plaintiff's assignment of error is overruled.

[4] Plaintiff next contends that conclusion of law numbered 1 is erroneous because "the credible facts support the conclusion that the Full Commission's Opinion and Award filed on August 31, 2001 is not conclusive and binding[.]" This conclusion of law is fully supported by findings of fact in the opinion and award. Plaintiff also contends that conclusion of law numbered 2 is erroneous because "it is contrary to the facts[.]" This conclusion is fully supported by competent evidence and the findings of fact in the opinion and award. This assignment of error is overruled.

## VI. Treating Physicians

[5] Plaintiff argues "Dr. Deans and Dr. Martinez should be approved as [her] treating physicians." Presuming, *arguendo*, this issue was preserved by plaintiff's assignments of error, it has no merit. Plaintiff raised the issue of payment for unauthorized medical treatments more than three years after defendants made their last payment of medical compensation for authorized treatment. At the 24 April 2003 hearing, plaintiff acknowledged she never sought permission from the Commission to change her treating physicians to Drs. Deans and Martinez. The Commission did not err in finding and concluding that plaintiff failed to timely request a change of treating physicians within a reasonable time.

SHARPE v. REX HEALTHCARE

[179 N.C. App. 365 (2006)]

## VII. Conclusion

The Commission's conclusions of law are supported by its findings of fact, which findings are supported by competent evidence in the record. The Commission's 12 April 2005 opinion and award is affirmed.

Affirmed.

Judge McCULLOUGH concurs.

Judge LEVINSON concurs in part, dissents in part by separate opinion.

LEVINSON, Judge concurring in part and dissenting in part.

I concur in the majority opinion except to the extent it concludes that the two year limitations period contained in G.S. § 97-47 has expired. This appeal primarily concerns the interpretation and application of this statute. Before the Industrial Commission, plaintiff alleged a change of condition primarily because she sought additional medical compensation. The majority opinion, instead, frames the main issue on appeal as whether plaintiff can compel defendants to pay the ten percent rating.

On appeal, plaintiff contends that because defendants have not yet paid her the ten percent permanent partial disability, the G.S. § 97-47 two year limitations period to file for a change of condition has not expired. This argument has merit.

Here, the 31 August 2001 opinion and award, expressly citing G.S. § 97-32, provided that plaintiff was "not entitled to compensation under the provisions of the North Carolina Workers' Compensation Act until [her refusal to accept employment] ceases." Suspension under G.S. § 97-32 is temporary, and the last potential payment could not have occurred because the ten percent rating was payable if the suspension ended. In short, the limitations period in G.S. § 97-47 had not yet begun to expire by virtue of any compensation payments made in 1999, as the majority concludes. In my view, the reasoning of the majority opinion does not take the G.S. § 97-32 suspension into account.