NO. COA13-1074

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

WILLIE B. JOHNSON, Employee,

    Plaintiff,

v.

    North Carolina Industrial
    Commission
    I.C. No. 689047

SOUTHERN TIRE SALES AND SERVICE,
INC., Employer, and N.C. INSURANCE
GUARANTY ASSOCIATION, Carrier,

    Defendants.


    Appeal by plaintiff from opinion and award entered 21 June 2013 by the North Carolina Industrial Commission. Heard in the Court of Appeals 5 February 2014.

    *Oxner Thomas & Permar, PLLC, by John R. Landry, Jr., for plaintiff-appellant.*

    *Young Moore and Henderson, P.A., by Joe E. Austin, Jr., for defendants-appellees.*


    HUNTER, Robert C., Judge.


    Willie B. Johnson ("plaintiff") appeals from an opinion and award entered by the Full Commission of the North Carolina Industrial Commission ("the Commission") denying his request to reinstate vocational rehabilitation efforts and ruling that plaintiff is time-barred from recovering any further

compensation. On appeal, plaintiff argues that: (1) he offered proof of his ongoing disability as the result of his compensable injury; (2) he has offered proof of his willingness to comply with vocational rehabilitation efforts; and (3) the Full Commission applied erroneous legal standards in its opinion and award.

After careful review, we affirm the Full Commission's opinion and award.

## Background

The facts of this case have previously been addressed at length, twice by this Court and once by our Supreme Court. *See Johnson v. S. Tire Sales & Serv.*, 152 N.C. App. 323, 567 S.E.2d 773 (2002) ("*Johnson I*"), *rev'd*, 358 N.C. 701, 599 S.E.2d 508 (2004) ("*Johnson II*"); *Johnson v. S. Tire Sales & Serv.*, No. COA10-770, 2011 WL 2848842 (N.C. Ct. App. July 19, 2011) ("*Johnson III*"). We need not restate the full factual history here. The facts relevant to this appeal are as follows: Plaintiff was previously employed by Southern Tire Sales and Service, Inc. ("Southern Tire") as a shop mechanic, and he sustained a work-related back injury on 24 October 1996. Southern Tire was insured by Casualty Reciprocal Exchange at the time of plaintiff's injury but is now insured by North Carolina

Insurance Guaranty Association (with Southern Tire, "defendants"). Defendants filed a Form 63 and paid plaintiff medical and indemnity compensation. Defendants later accepted liability for plaintiff's injury by failing to contest the compensability of plaintiff's claim or their liability therefor within the statutory period.

As part of the compensation, defendants provided vocational rehabilitation services to assist plaintiff in locating suitable employment. Ronald Alford ("Mr. Alford"), a Certified Rehabilitation Counselor, arranged multiple job interviews for plaintiff and registered him for the Johnston County Industries program, which provided potential jobs that comported with plaintiff's work restrictions. However, plaintiff refused to participate in the Johnston County Industries program and either failed to attend the interviews that Mr. Alford had scheduled or sabotaged them through "extreme pain behavior."

Effective 9 February 1999, former Deputy Commissioner Theresa B. Stephenson authorized defendants to suspend payment of compensation due to plaintiff's unjustified refusal to cooperate with the vocational rehabilitation program defendants had assigned. That decision was appealed to the Full Commission, which reversed Deputy Commissioner Stephenson's

opinion and award and ordered defendants to pay temporary total disability compensation from 27 January 1997. The Full Commission's opinion and award was affirmed by this Court in *Johnson I*. However, on discretionary review, the Supreme Court ruled that the Full Commission had erroneously operated under a presumption of continuing disability in plaintiff's favor and applied an incorrect legal standard in determining whether plaintiff had constructively refused suitable employment. *Johnson II*, 358 N.C. at 706, 709, 599 S.E.2d at 512, 514. Thus, the Supreme Court reversed the Court of Appeals decision in *Johnson I* and ordered remand back to the Commission for entry of findings regarding the existence and extent of plaintiff's disability and the suitability of alternative employment. *Id.* at 711, 599 S.E.2d at 515.

After the Supreme Court's ruling in *Johnson II*, there was an unexplained six-year delay in the proceedings.[1] Ultimately the Full Commission entered a revised opinion and award on 9

---

[1] As the *Johnson III* Court explained: "The record in this case is an oddity. There are copies of several letters written by counsel for the parties, addressed to the Commission and various representatives thereof. These letters contain references to various filings and occasionally contain requests to the Commission such as 'I would appreciate a ruling in this case.' However, there is nothing in the record . . . that informs this Court as to why the Commission delayed from 2004 until 2010 in making the additional findings ordered by the Supreme Court." *Johnson III*, at *5.

March 2010 ("the 9 March 2010 opinion and award"), in which it found that plaintiff was not permanently and totally disabled and concluded that plaintiff had failed to establish disability for any time after 9 February 1999 due to his unjustifiable refusal to cooperate with defendants' vocational rehabilitative efforts. It further ordered that defendants overpaid plaintiff for any compensation for disability paid after 9 February 1999 and were entitled to a credit to offset this overpayment. After appeal from both plaintiff and defendants, the *Johnson III* Court affirmed the 9 March 2010 opinion and award, holding in relevant part that there was no inconsistency in the Full Commission's conclusions as to disability. *See Johnson III*, at *9.

On 4 August 2011, plaintiff filed a Form 33, arguing that he was entitled to temporary total disability compensation from 9 February 1999 onward. Plaintiff then filed a motion to compel vocational rehabilitation on 1 September 2011. On 9 November 2012, Deputy Commissioner Mary C. Vilas entered an opinion and award allowing plaintiff's motion to compel vocational rehabilitation and ordering defendants to authorize vocational rehabilitation efforts for plaintiff. Defendants filed notice of appeal to the Full Commission on 26 November 2012. After a hearing on 1 May 2013, the Full Commission entered an opinion

and award denying plaintiff's request for additional vocational rehabilitation services, denying plaintiff's request for a hearing to the extent that plaintiff sought additional compensation, and awarding defendants a credit of $21,812.45 against any future indemnity compensation due plaintiff. The Full Commission entered the following relevant findings of fact:

> 31. With respect to job search efforts, Plaintiff acknowledged that the 11 employers listed in his responses to Defendants' 2010 Interrogatories were contacted at the time he was working with Mr. Alford, which was from 1997 through 1999. The only evidence Plaintiff provided that could be construed as job search efforts following 1999 was his testimony that, "I've talked with Stephanie. She's a — you know, finds jobs and stuff.... we're supposed to meet next week about some interviews for jobs."

> 32. Based upon the preponderance of the evidence in view of the entire record, the Full Commission finds that Plaintiff has failed to produce any medical evidence that, since February 9, 1999, he has been unable to work as a result of his injury of October 24, 1996. Plaintiff has also failed to produce sufficient evidence that, since February 9, 1999, he has made a reasonable effort to find work, that it would have been futile for him to seek employment, or that he has returned to work earning lower wages than he was earning at the time of the aforementioned injury.

Based on these findings, the Full Commission entered the following conclusions of law:

2. No presumption of continuing disability is created when a Form 63 is executed followed by payments by the employer to the employee beyond the statutory time period contained in N.C. Gen. Stat. § 97-18(d) without contesting the compensability of or liability for a claim. As such, Plaintiff in the instant case bears the burden of proving the existence and degree of disability.

3. In order to meet this burden of proof, Plaintiff must prove that he was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by Plaintiff's injury. . . .

4. In its March 9, 2010 Opinion and Award on Remand, the Full Commission determined that Plaintiff met his burden of proving disability under the first prong of *Russell* through April 23, 1997, and under the second prong of *Russell* until February 9, 1999. The Full Commission further determined that, as of February 9, 1999, Defendants had successfully rebutted Plaintiff's evidence of disability through the presentation of evidence that suitable work was available to Plaintiff, and that plaintiff was capable of obtaining a suitable job taking into account both his physical and vocational limitations.

5. . . . Following its analysis of the March 9, 2010 Opinion and Award on Remand, the [Court of Appeals] ultimately concluded that there was no inconsistency in the Full Commission's findings on disability and affirmed the Full Commission's March 9, 2010 Opinion and Award on Remand.

6. . . . Accordingly, the Court of Appeals'. determination that the Full Commission

resolved the disability issue in its March 9, 2010 Opinion and Award on Remand is law of the case and is binding on the parties and the Commission going forward.

7. Plaintiff has failed to meet his burden of proving disability at any time on or after February 9, 1999. As such, plaintiff is not entitled to additional vocational rehabilitation services as he has not proven a period of disability which such services could serve to lessen.

8. Because Plaintiff filed his Industrial Commission Form 33 indicating he believed he was entitled to additional compensation on August 4, 2011, over two years since the final payment of compensation on April 27, 2000, Plaintiff is precluded from seeking additional compensation. N.C. Gen. Stat. § 97-47.

Plaintiff filed timely notice of appeal to this Court on 25 June 2013.

**Discussion**

**I. Reinstitution of Vocational Rehabilitation Efforts**

Plaintiff's first argument on appeal is that the Full Commission erred by declining to order reinstatement of vocational rehabilitation efforts. We disagree.

The Commission has exclusive original jurisdiction over workers' compensation proceedings. *Thomason v. Red Bird Cab Co.*, 235 N.C. 602, 604, 70 S.E.2d 706, 708 (1952). It is required to hear the evidence and file its award, "together with

a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue." N.C. Gen. Stat. § 97-84 (2013). "The reviewing court's inquiry is limited to two issues: whether the Commission's findings of fact are supported by competent evidence and whether the Commission's conclusions of law are justified by its findings of fact." *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E.2d 374, 379 (1986). The Commission's findings of fact are conclusive on appeal when supported by competent evidence even though evidence exists that would support a contrary finding. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982). "[F]indings of fact which are left unchallenged by the parties on appeal are presumed to be supported by competent evidence and are, thus conclusively established on appeal." *Chaisson v. Simpson*, 195 N.C. App. 463, 470, 673 S.E.2d 149, 156 (2009) (citation and quotation marks omitted).

First, we affirm the Full Commission's legal conclusions that support its denial of plaintiff's request for reinstatement of vocational rehabilitation. Plaintiff argues that, in order for the Full Commission to address whether he is entitled to future disability compensation, defendants must be ordered to reinstate vocational rehabilitation efforts, after which point

plaintiff will be given the opportunity to offer evidence of his substantial compliance. We disagree with plaintiff's analysis. Pursuant to N.C. Gen. Stat. § 97-25(a) (2013), "medical compensation shall be provided by the employer" under the Workers' Compensation Act. As defined in N.C. Gen. Stat. § 97-2(19) (2013), "medical compensation" includes "vocational rehabilitation." However, services only fall under the definition of "medical compensation" if they "effect a cure or give relief" or "will tend to lessen the period of disability." N.C. Gen. Stat. § 97-2(19). The Full Commission correctly reasoned that because vocational rehabilitation by its nature cannot effect a cure or give relief in a medical sense, it must lessen the period of disability in order to meet the statutory definition of medical compensation. "Under the . . . Compensation Act disability refers not to physical infirmity but to a diminished capacity to earn money." *Mabe v. Granite Corp.*, 15 N.C. App. 253, 255, 189 S.E.2d 804, 806 (1972). To meet the standard of tending to lessen the period of disability, a vocational rehabilitation service must reduce "the period of [the employee's] diminished capacity to work." *Peeler v. State Highway Comm'n*, 48 N.C. App. 1, 6-7, 269 S.E.2d 153, 157 (1980). Thus, we agree with the Full Commission that a disability, or a

"diminished capacity to earn money," must be shown before vocational rehabilitation services can be awarded or reinstated as part of a worker's compensation claim. *See Powe v. Centerpoint Human Servs.*, __ N.C. App. __, __, 742 S.E.2d 218, 223 (2013) ("[T]he impact of an employee's refusal to cooperate with vocational rehabilitation services on that employee's right to indemnity compensation arises only after she has met her burden of establishing disability. . . . If the Commission determines that [p]laintiff has not met her burden of proving disability during the contested periods, then the issues regarding [p]laintiff's cooperation with vocational rehabilitation efforts will be moot.").

As the *Johnson II* Court noted in its opinion remanding for a determination as to the extent of plaintiff's disability, "a determination of whether a worker is disabled focuses upon impairment to the injured employee's earning capacity rather than upon physical infirmity." *Johnson II*, 358 N.C. at 707, 599 S.E.2d at 513. An employee may carry the burden of proving the existence of a disability by producing evidence of one of the following: (1) medical evidence that he is physically or mentally, as a result of the work-related injury, incapable of work in any employment; (2) evidence that he is capable of some

work, but that he has, after a reasonable effort, been unsuccessful in his efforts to obtain employment; (3) evidence that he is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that he has obtained other employment at wages less than his pre-injury wages. *Russell v. Lowes Prod. Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993).

Here, competent evidence supports the Full Commission's findings of fact, and those findings support the conclusions of law, that plaintiff has failed to carry the burden of establishing disability for any time after 9 February 1999. First, it is the law of the case that plaintiff failed to establish disability from 9 February 1999 through the entry of the 9 March 2010 opinion and award. "[O]nce an appellate court has ruled on a question, that decision becomes the law of the case and governs the question both in subsequent proceedings in a trial court and on subsequent appeal." *Prior v. Pruett*, 143 N.C. App. 612, 618, 550 S.E.2d 166, 170 (2001) (citation and quotation marks omitted). The *Johnson III* Court affirmed the Full Commission's 9 March 2010 opinion and award, which concluded that plaintiff only established disability through 9

February 1999 and after that date had failed to carry his burden of establishing disability. *Johnson III*, at *9. Thus, because the issue of whether plaintiff established disability was presented and affirmatively addressed by this Court, the law of the case doctrine applies, and we are bound to conclude that plaintiff failed to establish disability from 9 February 1999 through entry of the 9 March 2010 opinion and award.

Second, there is competent evidence to support the Full Commission's finding of fact that plaintiff failed to establish disability under *Russell* at any time after entry of the 9 March 2010 opinion and award. Plaintiff does not challenge the Full Commission's finding of fact that the only effort he put forth in attempting to find work after 9 February 1999 was talking to an individual named "Stephanie," with whom he was scheduled to meet after the 14 October 2011 hearing before Deputy Commissioner Vilas. Because this finding is unchallenged, it is presumed to be supported by competent evidence and is binding on appeal. *Chaisson*, 195 N.C. App. at 470, 673 S.E.2d at 156. This finding further supports the Full Commission's conclusion that plaintiff failed to put forth a "reasonable effort" to find employment, and therefore did not establish disability under the second prong of the *Russell* test. *See Russell*, 108 N.C. App. at

766, 425 S.E.2d at 457. Furthermore, competent evidence supports the Full Commission's findings that plaintiff also fails to establish disability under the other three prongs of the *Russell* test. There is evidence to support, and plaintiff does not contest, that: (1) he is capable of some employment, albeit with physical limitations; (2) it would not be futile for plaintiff to return to work due to a preexisting condition such as age or lack of education; and (3) he has not taken employment that paid a lesser wage than he earned before his injury. *See id.*

Accordingly, because no period of disability existed when plaintiff filed his request to reinstate vocational rehabilitation, we affirm the Full Commission's denial of plaintiff's request, as those efforts could not serve to lessen a period of disability.

## II. Section 97-47

Plaintiff next argues that the Full Commission erred by ruling that he is time-barred by N.C. Gen. Stat. § 97-47 from seeking further compensation. We disagree and affirm the Full Commission's opinion and award.

First, plaintiff contends that the issue of whether he is time-barred by section 97-47 from seeking additional

compensation was not properly presented to the Commission for determination, and therefore the portions of the opinion and award that address this argument must be vacated with leave for either party to raise such issues pursuant to a Form 33 request for a new hearing. We disagree. Here, Deputy Commissioner Vilas limited the issue for determination at the initial hearing solely to whether defendants should be ordered to reinstate vocational rehabilitation efforts for plaintiff. However, defendants filed motions to dismiss plaintiff's requests, arguing that plaintiff was time-barred by section 97-47 from receiving any further compensation. "[T]he [F]ull Commission has the duty and responsibility to decide all matters in controversy between the parties . . . even if those matters were not addressed by the deputy commissioner." *Perkins v. U.S. Airways*, 177 N.C. App. 205, 215, 628 S.E.2d 402, 408 (2006). "Thus, the mere fact that a particular issue was not raised before a deputy commissioner does not, standing alone, obviate the necessity for the Commission to consider that issue." *Bowman v. Scion*, __ N.C. App. __, __, 737 S.E.2d 384, 388 (2012). Here, given that plaintiff requested further compensation in his Form 33 and requested compensation in the form of vocational rehabilitation, we hold that it was proper

for the Full Commission to consider whether plaintiff is time-barred by section 97-47 from receiving further compensation in its opinion and award.

Pursuant to section 97-47:

> Upon its own motion or upon the application of any party in interest on the grounds of a change in condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Article, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid but *no such review shall be made after two years from the date of the last payment of compensation pursuant to an award under this Article*[.]

N.C. Gen. Stat. § 97-47 (emphasis added). "The time limitation [in section 97-47] commences to run from the date on which [the] employee received the last payment of compensation[.]" *Sharpe v. Rex Healthcare*, 179 N.C. App. 365, 372, 633 S.E.2d 702, 706 (2006).

Plaintiff and defendants are in disagreement as to the grounds upon which the Full Commission suspended plaintiff's compensation in the 9 March 2010 opinion and award, and both contend that this distinction is dispositive as to the applicability of the two-year limitation in section 97-47.

Plaintiff argues that compensation was suspended under section 97-25 for his refusal to accept vocational rehabilitation. Thus, under *Scurlock v. Durham Cnty. Gen. Hosp.*, 136 N.C. App. 144, 147, 523 S.E.2d 439, 441 (1999), plaintiff contends the question of whether he is entitled to future benefits hinges on the opportunity to comply with further vocational rehabilitation efforts once they are provided by defendants, and section 97-47 is not implicated. *See id.* (concluding that where a case was "pending under section 97-25," it was not a "change-of-condition case under section 97-47," and the two-year statute of limitation did not apply). Defendants, on the other hand, contend that compensation was suspended not under section 97-25, but under N.C. Gen. Stat. § 97-32 (2013), based on plaintiff's failure to accept suitable employment. *See* N.C. Gen. Stat. § 97-32 ("If an injured employee refuses suitable employment . . . the employee shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified."). Citing *Sharpe*, defendants argue that plaintiff's failure to accept suitable employment under section 97-32 triggered the time-bar of section 97-47, and therefore the Full Commission properly determined that plaintiff is foreclosed from

seeking further compensation. *See Sharpe*, 179 N.C. App. at 372-73, 633 S.E.2d at 706-07 (holding that where an employee's compensation was suspended for her unjustified refusal to return to suitable employment under section 97-32, the time-bar of section 97-47 ran upon last payment of compensation).

We agree with defendants that the Full Commission terminated compensation under section 97-32 because plaintiff refused suitable employment without justification. In *Johnson II*, the Supreme Court cited section 97-32 for the proposition that "[i]f the employer successfully rebuts the employee's evidence of disability by producing evidence that the employee has refused suitable employment without justification, compensation can be denied." *Johnson II*, 358 N.C. at 709, 599 S.E.2d at 514. It further noted that the Full Commission's previous opinion and award "should have contained specific findings as to what jobs plaintiff is capable of performing and whether jobs are reasonably available for which plaintiff would have been hired had he diligently sought them." *Id.* at 710, 599 S.E.2d at 514. On remand, the Full Commission cited section 97-32 and concluded that plaintiff "unjustifiably refused to cooperate with defendants' vocational rehabilitative efforts," and as a result, ordered that defendants "are entitled to

suspend payment of compensation to plaintiff effective 9 February 1999." In his arguments before this Court in *Johnson III*, plaintiff himself characterized the 9 March 2010 opinion and award as a "decision to suspend [his] receipt of temporary total disability compensation pursuant to N.C. Gen. Stat. § 97-32 . . . ." *Johnson III*, at *3. Based on the foregoing, we conclude that compensation was suspended by the Full Commission in its 9 March 2010 opinion and award pursuant to section 97-32, not section 97-25. Accordingly, under *Sharpe*, the time limitation in section 97-47 began to run upon receipt of plaintiff's final payment of compensation on 27 April 2000. Because plaintiff requested additional compensation based on a change of condition more than two years after the final payment of compensation, we affirm the Full Commission's conclusion of law that plaintiff is time-barred by section 97-47 from receiving such compensation.

## Conclusion

Because plaintiff has failed to establish any period of disability after 9 February 1999, we affirm the Full Commission's denial of his request to reinstate vocational rehabilitation efforts. Furthermore, plaintiff is time-barred from seeking additional compensation under section 97-47 because

the two-year limitation began upon receipt of final payment and has since run.

AFFIRMED.

Judges GEER and McCULLOUGH concur.