CALABRIA, Judge.
Ray of Light Homes, LLC ("Ray of Light") and Liberty Mutual Insurance Company (collectively, "defendants") appeal from an Opinion and Award granting Charlotte Ella Kelly ("plaintiff") temporary total disability benefits, medical expenses, and vocational rehabilitation services. Plaintiff appeals from the portion of the same Opinion and Award finding that one of her injuries was not causally related to her injury by accident. We affirm in part and reverse in part.
I. Background
Plaintiff was employed with Ray of Light since December 2007. Her duties included providing twenty-four hour care to her brother, who had mild retardation, paranoid schizophrenia, and autism. Plaintiff's brother was enrolled in the Community Alternatives Program, which is designed for individuals with intellectual and developmental disabilities to live in non-institutional environments in the community, and provides medical and financial resources to disabled individuals. Plaintiff became an Alternative Family Living caregiver for her brother, and received payments for caring for her brother.
When plaintiff awoke on the morning of 30 September 2009, she discovered her brother had fallen on the living room floor. Plaintiff attempted to help her brother as he lost consciousness and collapsed. As a result, plaintiff felt a "tearing " in her lower back and fell on her knees. Plaintiff's brother died the same day.
Plaintiff notified Ray of Light regarding the incident that culminated in her brother's death. On 1 June 2010, plaintiff filed a claim with Ray of Light, alleging to have suffered a compensable injury in which she strained her back and injured her knees. Ray of Light denied plaintiff's claim on 18 August 2010, finding that plaintiff was an independent contractor not in the normal course of job-related activities at the time of the accident, and that plaintiff did not sustain an injury by a compensable accident. Plaintiff requested her claim be assigned for hearing, seeking workers' compensation from Ray of Light. Plaintiff amended her claim on 26 September 2011, alleging that the incident also caused a strain in her abdomen in addition to her back and knee injuries.
Deputy Commissioner Adrian Phillips ("Deputy Commissioner Phillips") heard the matter on 7 March 2013. Deputy Commissioner Phillips entered an Opinion and Award on 27 September 2013, finding and concluding that plaintiff was an employee of Ray of Light, that she had sustained compensable injuries by accident to her lower back, both knees, and her abdomen, and that plaintiff was temporarily disabled as a result of her injuries. Deputy Commissioner Phillips also concluded that plaintiff was entitled to temporary total disability compensation "from October 1, 2009 and continuing until Plaintiff returns to suitable employment or further Order of the Industrial Commission." Defendants appealed to the Full Commission.
On 11 June 2014, the Commission entered an Opinion and Award affirming in part and reversing in part Deputy Commissioner Phillips's Opinion and Award. The Commission found and concluded that plaintiff had sustained compensable injuries by accident to her lower back and both knees, but that she had failed to prove by a preponderance of the evidence that her hernia was causally related to the 30 September 2009 accident. The Commission also determined that plaintiff was "temporarily and totally disabled from the date of injury to October 5, 2010." Plaintiff was awarded, inter alia,temporary total disability benefits from 1 October 2009 to 5 October 2010, medical expenses and treatment for her back and knee conditions, and vocational rehabilitation services at plaintiff's request. Both plaintiff and defendants appeal.
On appeal, plaintiff argues (1) that the Commission erred in determining her abdominal hernia was not a compensable injury; and (2) that the Commission erred in determining plaintiff was not entitled to temporary total disability benefits after 5 October 2010. Defendants argue (1) that the Commission erred in determining that plaintiff was disabled between 30 September 2009 and 5 October 2010; and (2) that the Commission erred in awarding plaintiff vocational rehabilitation services after concluding that plaintiff was not disabled.
II. Standard of Review
Review of an opinion and award of the Industrial Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This 'court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.' " Richardson v. Maxim Healthcare/Allegis Grp.,362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (quoting Anderson v. Lincoln Constr. Co.,265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965) ). "The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." Anderson,265 N.C. at 433-34, 144 S.E.2d at 274.
III. Compensable Injury
Plaintiff first argues that the Commission erred in determining that her abdominal hernia was not a compensable injury. We disagree.
"In order for an injury to be compensable under the Worker's Compensation Act, a claimant must prove: (1) that the injury was caused by an accident; (2) that the injury arose out of the employment; and (3) that the injury was sustained in the course of the employment." Wake County Hosp. System, Inc. v. Safety Nat'l Cas. Corp.,127 N.C.App. 33, 38-39, 487 S.E.2d 789, 792 (1997) (citation omitted). In the instance of a hernia, a plaintiff must prove to the satisfaction of the Commission that there was an injury resulting in a hernia ; the hernia appeared suddenly; that the hernia immediately followed an accident; and that the hernia did not exist prior to the accident for which compensation is claimed. N.C. Gen.Stat. § 97-2(18) (2013).
In the instant case, plaintiff indicated that she noticed a bulge in her abdomen a couple of days after the accident in 2009. However, she did not immediately seek medical care because of her grief for her brother. She was later diagnosed with an umbilical hernia. Dr. Charles J. DePaolo ("Dr.DePaolo"), who saw plaintiff for her back and knee pain, testified that he identified a large abdominal hernia during an examination approximately one year after the accident occurred. Dr. Thomas L. Eisenhauer ("Dr.Eisenhauer") was the only physician to testify at length regarding plaintiff's hernia. Specifically, Dr. Eisenhauer testified at his deposition that he first saw plaintiff on 15 May 2012 with an umbilical hernia. He also testified that patients with obesity, like plaintiff, were at greater risk of developing hernias, and the size of plaintiff's abdomen made examination of the hernia "somewhat difficult." Dr. Eisenhauer further testified that plaintiff "may clearly have not had a hernia prior to September 30th, she may have had one that was present but difficult to identify based on clinical history and physical examination that then became more apparent on October 2nd of 2009."
The Commission found that of the several physicians that plaintiff visited, Dr. Eisenhauer was the only one who testified on the issue of causation of plaintiff's hernia. The Commission also found that "Dr. Eisenhauer's opinion testimony on causation does not rise to the level of a reasonable degree of medical certainty that is required under the law, and therefore, is not sufficient to establish a causal link between the September 30, 2009 injury by accident and Plaintiff's hernia condition."
The evidence presented at the hearing indicates that although plaintiff showed that she sustained a large abdominal hernia at some point after the accident, she failed to show that the hernia did not exist prior to the accident for which compensation is claimed, as required by N.C. Gen.Stat. § 97-2(18) (2013). Therefore, the Commission did not err in determining that plaintiff's abdominal hernia was not a compensable injury. This argument is overruled.
IV. Disability Benefits
Both plaintiff and defendants argue that the Commission erred in determining plaintiff's temporary total disability benefits. Specifically, plaintiff contends that the Commission erred in determining plaintiff was not entitled to temporary total disability benefits after 5 October 2010. Defendants, however, contend that the Commission erred in determining that plaintiff was disabled between 30 September 2009 and 5 October 2010.
Disability is defined as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen.Stat. § 97-2(9) (2013). A plaintiff bears the burden of showing that he is unable to earn the same wages he had earned before the injury, either in the same employment or in other employment. Hilliard v. Apex Cabinet Co.,305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982). A plaintiff may prove disability in one of four ways: (1) produce medical evidence that he is, physically or mentally, as a consequence of the work-related injury, incapable of work in any employment; (2) produce evidence that he is capable of some work, but that after a reasonable effort on his part he has been unsuccessful in obtaining employment; (3) produce evidence that he is capable of some work but that it would be futile to seek other employment because of preexisting conditions like age, inexperience, or lack of education; or (4) produce evidence that he has obtained other employment at a wage less than that earned prior to the injury. Russell v. Lowes Product Distribution,108 N.C.App. 762, 765, 425 S.E.2d 454, 457 (1993).
In the instant case, plaintiff contends that she fulfilled her burden pursuant to the second and third prongs of Russell.Defendants contend that the Commission's finding that plaintiff was unable to earn the same wages between the time of injury and 5 October 2010 is unsupported by the evidence, and therefore cannot justify the Commission's conclusion that she was disabled during that time.
It is undisputed that plaintiff has not been employed since the accident on 30 September 2009. At the hearing, plaintiff testified regarding her prior work history, which included positions in medical record departments, as an account manager for a healthcare facility, a computer technician, and a library assistant. She also testified that she looked for a job only one time since the accident, after which she "just didn't try anymore."
Plaintiff's own testimony at the hearing indicates that plaintiff's job search was limited to one visit to the Employment Security Commission "sometime in 2011," and that she has prior work experience in clerical positions. Although plaintiff contends that she was told after a Social Security examination in August 2010 that she was disabled from employment and "really needed to be careful about [her] activities with the hernia," (Rp 92) no one from the Social Security Administration testified regarding plaintiff's condition or any recommendations she may have received regarding her ability to work. Additionally, according to plaintiff's own testimony, the Employment Security Commission indicated that her medical issues needed to be addressed before she could receive a referral for a position as a care provider, not that she was disabled from all employment. Upon her own testimony, plaintiff has failed to show, pursuant to Russell,that she made a reasonable effort to obtain employment or that it would be futile for her to seek other employment due to a lack of experience or education. Plaintiff's argument is overruled.
Plaintiff failed to seek medical attention for her injuries immediately after the accident. At his deposition, Dr. DePaolo testified that plaintiff's ability, when he saw her on 5 October 2010, was limited. He specifically indicated that "if I had to derive a work restriction for her, I would probably limit her lifting. I would let her work but would not stress her back." Dr. DePaolo then indicated that he would probably limit plaintiff to lifting no more than twenty pounds. Other physicians that plaintiff visited after 5 October 2010 agreed that a limitation on lifting was reasonable and recommended sedentary or light-duty work.
The Commission found that plaintiff saw Dr. DePaolo on 5 October 2010 for her knee and back pain, and that Dr. DePaolo
did not assign work restrictions because the issue did not come up during the visit. However, Dr. DePaolo testified that had he been asked, he would have advised Plaintiff to minimize her stair climbing and avoid lifting over 20 pounds. In Dr. DePaolo's opinion, Plaintiff could work in a light-duty clerical or sedentary type job.
The Commission then concluded that plaintiff was temporarily and totally disabled from the date of injury to 5 October 2010, but that plaintiff failed to prove that she was disabled pursuant to Russellafter that date.
Defendants specifically challenge the Commission's finding that
[a]s a result of the September 30, 2009 injury by accident, Plaintiff was unable to earn the same wages she was earning at the time of the injury in the same or any other employment, from the date of injury to October 5, 2010, the date on which, based upon examination by Dr. DePaolo, Plaintiff would have been capable of returning to sedentary work with no lifting over 20 pounds.
The deposition testimony of the four physicians supports the Commission's findings regarding plaintiff's work restrictions, and it is undisputed that plaintiff was injured on 30 September 2009. However, plaintiff failed to produce any medical evidence regarding her condition between 30 September 2009 and 5 October 2010. The only medical evidence presented was the physicians' testimony concerning plaintiff's condition on and after 5 October 2010.
Because there was no evidence to support the Commission's finding that plaintiff was unable to earn the same wages she was earning at the time of injury between the date of her injury and 5 October 2010, the Commission erred in concluding that plaintiff was temporarily and totally disabled between the date of her injury and 5 October 2010.
V. Vocational Rehabilitation Services
Defendants also argue that the Commission erred in awarding plaintiff vocational rehabilitation services after concluding that plaintiff was not disabled. We agree.
Pursuant to N.C. Gen.Stat. § 97-25(a) (2013), "[m]edical compensation shall be provided by the employer" under the Workers' Compensation Act. "Medical compensation" includes "vocational rehabilitation." N.C. Gen.Stat. § 97-2(19) (2013). However, vocational rehabilitation only constitutes "medical compensation" if the services "effect a cure or give relief" or "will tend to lessen the period of disability[.]" Id."[A] disability, or a 'diminished capacity to earn money,' must be shown before vocational rehabilitation services can be awarded or reinstated as part of a worker's compensation claim." Johnson v. Southern Tire Sales and Service, Inc.,---N.C.App. ----, ----, 758 S.E.2d 19, 24 (2014).
The record indicates that plaintiff was capable of some work, and was not disabled as of the date of the hearing. Therefore, the Commission erred in awarding vocational rehabilitation services as part of her worker's compensation claim.
VI. Conclusion
Plaintiff failed to present evidence showing that her abdominal hernia did not exist prior to the accident for which compensation is claimed, as required by N.C. Gen.Stat. § 97-2(18). Plaintiff also failed to present evidence showing that the hernia was caused by the accident. Therefore, the Commission did not err in determining that plaintiff's abdominal hernia was not a compensable injury. Regarding temporary total disability benefits, plaintiff failed to show, pursuant to Russell,that she had made a reasonable effort to obtain employment or that it would be futile for her to seek other employment due to a lack of experience or education. Moreover, because there was no evidence to support the Commission's finding that plaintiff was unable to earn the same wages she was earning at the time of injury between the date of her injury and 5 October 2010, the Commission erred in concluding that plaintiff was temporarily and totally disabled between the date of her injury and 5 October 2010. Additionally, since there was evidence showing that plaintiff was capable of at least some work as of 5 October 2010, the Commission erred in awarding vocational rehabilitation services as part of her worker's compensation claim. Therefore, we affirm the portion of the Opinion and Award concluding that plaintiff's hernia was not compensable, but we reverse the portions concluding that plaintiff was disabled and awarding her vocational rehabilitation services.
AFFIRMED IN PART, REVERSED IN PART.
Judges McCULLOUGH and DIETZ concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiff and defendants from Opinion and Award entered 11 June 2014 by the North Carolina Industrial Commission. Heard in the Court of Appeals 17 March 2015.